UNITED STATES of America, Appellee,

v.

Robert HANDY, Appellant.

No. 81–1902.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1981.

Decided Jan. 6, 1982.

Law Offices of J. Martin Hadican by J. Martin Hadican, argued, Joyce Yulkey MacDonald, Clayton, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Frederick R. Buckles, argued, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and HENLEY and ARNOLD, Circuit Judges.

LAY, Chief Judge.

Robert Handy was convicted in 1980 of fifteen counts of mail fraud and one count of conspiracy in connection with the death of Peter J. Halm. The convictions of Handy and his coconspirators arose from their involvement in an alleged scheme to defraud insurance companies by insuring the life of Peter J. Halm, killing him and collecting the insurance proceeds. Handy and a coconspirator, Glennon Engleman, were tried jointly and convicted. This court reversed Handy's conviction on appeal

on the ground that failure to sever Handy's trial constituted an abuse of discretion. *United States v. Engleman*, 648 F.2d 473 (8th Cir. 1981). Upon retrial Handy was convicted of 14 counts of mail fraud and one count of conspiracy. On this appeal he alleges that the trial court erred in: (1) admitting the statements of certain coconspirators against him under Fed.R.Evid. 801(d)(2)(E); (2) admitting the statement of a coconspirator against him as an adoptive admission under Fed.R.Evid. 801(d)(2)(B); and (3) in denying his motion for acquittal based on insufficient evidence that Handy knowingly participated in the conspiracy.

We affirm for the reasons stated below.

Handy first objects to the admission of several statements elicited through the testimony of Carmen Miranda Halm regarding statements made to her by Engleman. She testified that "when she asked Engleman who would know about the plan to murder Halm and collect the insurance Engleman responded that Handy would help him."

Another statement occurred following their first meeting after Halm's death. Carmen and Engleman were discussing the day of the shooting and she stated Engleman expressed anger at Handy for some mistake that he had made in the course of the events that day leading up to the shooting. Engleman also told her that Handy had driven the car the day of the killing. During this meeting, Carmen and Engleman also discussed the fact that she had not heard from the insurance companies. Engleman stated that they had to contact her soon and that she should let him know as soon as they did because he had to pay Handy.

Handy urges that the statements relating to the events that occurred the day of the shooting were mere narrative accounts of past incidents and thus inadmissible under the coconspirator exception to the hearsay rule. The remaining statements he argues were not made in furtherance of a conspiracy and should not have been admitted. We hold that the trial court did not err in the admission of these statements under Fed.R.Evid. 801(d)(2)(E).

Statements of a coconspirator identifying a fellow coconspirator are considered to be made in furtherance of the conspiracy. *United States v. Williams*, 604 F.2d 1102, 1113 (8th Cir. 1979). The statements were clearly made during the course of the conspiracy. These statements clearly help identify the role of one coconspirator to another. Thus not only is the progress of the conspiracy revealed but by the testimony an explanation of payment is involved as well. *Cf. United States v. Goodman*, 605 F.2d 870, 877–78 (5th Cir. 1979); *United States v. Overshon*, 494 F.2d 894, 899 (8th Cir.) *cert. denied* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974). The court may consider not only the nature of the statement but take into account the time and circumstances under which they were made in determining whether they were intended to further the scheme's ultimate objective—collection of the insurance proceeds. We find the court did not err in admitting Carmen's testimony.

Handy also charges that the trial court erred in admitting the statement of Nicholas Miranda describing a conversation between himself, Engleman and Handy. In that conversation Nicholas described an abortive attempt at killing Peter Halm during which he and Handy were attacked by a dog just as Engleman was about to shoot Halm. Engleman stated that they had to beat a hasty retreat at that point. Handy interjected, "Yes, we did." The trial court found the statement admissible as an adoptive admission under Fed.R.Evid. 801(d)(2)(B). Handy contends that his interjection was taken out of context and that it should have been clear from the circumstances of the conversation that he did not intend to adopt Engleman's statement. We disagree. Contrary to Handy's contention, the context of the conversation seems sufficiently clear as does Handy's acquiescence in Engleman's statement. The trial court was correct in admitting the statement under Rule 801(d)(2)(B).

Finally, Handy urges that the district court erred in denying his motion for a

judgment of acquittal which was based on his allegation that the evidence was insufficient as a matter of law to establish that he knowingly participated in the conspiracy. Upon review we are required to view the evidence in the light most favorable to the verdict, *United States v. Littlefield*, 594 F.2d 682, 684 (8th Cir. 1979). It is also necessary to accept as established all reasonable inferences that tend to support the verdict. *United States v. Overshon, supra*, 494 F.2d at 896.

A review of the record reveals that there was evidence introduced at trial to show that Handy purchased the gun used to murder Peter Halm and that he was present during at least one of the abortive murder attempts and on the day on which Halm's murder actually took place. Furthermore, there was other evidence to indicate that Handy was familiar with the financial aspects of the scheme. Accordingly, we find that as a matter of law there was sufficient evidence to support Handy's conviction. The conviction is affirmed.