**UNITED STATES of America, Appellee,**

v.

**Michael David JOHNSON, Appellant.**

**No. 90–1762.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1990.

Decided Feb. 14, 1991.

Stephen J. Nangle, St. Louis, Mo., for appellant.

Dean R. Hoag, St. Louis, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Appellant was found guilty by a jury on one count each of conspiracy to possess with intent to distribute cocaine, distribution of cocaine, and possession with intent

---

* The Hon. William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

to distribute cocaine. He appeals his conviction and sentence imposed by the district court.[1] For the reasons set out below we affirm.

The government's case at trial was based primarily on testimony from appellant's sister, Angela Tabron. She was a confidential informant for the government during the Drug Enforcement Agency investigation of Johnson, and a search warrant was issued based on the information she gave the D.E.A.

Appellant contends there was an intentional or reckless omission as to the confidential informant's bias in the affidavit used to obtain the warrant. If a warrant affidavit contains a false statement, which was made knowingly and intentionally, or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then the warrant is invalid. *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978). In *United States v. Reivich*, 793 F.2d 957, 960 (8th Cir.1986), this court held that *Franks* applies to deliberate omissions as well.

Appellant argues that had the magistrate known the informer was Johnson's sister, he would have suspected her motives and would not have found probable cause.[2] As a matter of law, there is nothing about a sibling relationship that would cause a magistrate to question the reliability of the informer when the affidavit is otherwise adequate. There is also no reason to indicate the D.E.A. officers believed there to be any animosity to reveal and thus, on this record there is no evidence upon which to base a conclusion that the officers knowingly or intentionally concealed pertinent information from the magistrate. Finally, even if nondisclosure in this case was error, the record contains evidence that much of Tabron's affidavit could be corroborated by D.E.A. agents, thus enhancing its reliability and making the error harmless.

A district court's ruling on a motion to suppress is reviewed under the clearly erroneous standard. *United States v. McGlynn*, 671 F.2d 1140, 1143 (8th Cir. 1982). The record reflects the informant knew illegal drug distribution was occurring, when and how it was handled, and where it was stored. The trial court did not err on this issue.

Appellant also argues that taped conversations between Tabron and Johnson's girlfriend should not have been admitted. The girlfriend was tried as a coconspirator at Johnson's trial. Appellant argues the statements made on the tape were not in furtherance of the conspiracy, and thus the statements were not admissable.

A statement which is normally considered hearsay may be admitted if it is offered against a party and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E). The phrase "in furtherance of the conspiracy" is interpreted broadly. *United States v. Handy*, 668 F.2d 407, 408 (8th Cir.1982).

In conversations on the tape Tabron and Johnson's girlfriend identified various participants, discussed their roles in the distribution conspiracy, and mentioned details of the actual distribution process. These discussions gave at least some indication that Tabron had some past or present connection to Johnson's activities, and the details relate to an ongoing conspiracy. The trial court did not err in finding that these conversations were in furtherance of the conspiracy.

Finally, appellant argues the trial court erred in determining sentence. Findings of fact by the district court at sentencing will be accepted on appeal unless they are clearly erroneous. 18 U.S.C. Section 3742(e).

The district court found Johnson was the leader of a criminal activity involving five or more participants. This court relied on

---

1. The Honorable George F. Gunn, United States District Court for the Eastern District of Missouri.

2. "What underlying reasons cause a family member to approach the D.E.A. without being solicited and extensively cooperate with an investigation?" Appellate's Brief at 21.

the Pre–Sentence Investigation Report (PSIR) to make this finding. The conclusions in the PSIR were based on statements by Angela Tabron. Appellant requested that Tabron be produced at the sentencing hearing, but she was not. Appellant objected to her absence.

■ This circuit has recently held "[h]earsay statements used against a defendant at sentencing, over the defendant's objection, violate the Confrontation Clause unless the statements are within well-recognized exceptions to the hearsay rule, or unless the court makes a finding that the statements are otherwise especially reliable." *United States v. Lowrimore*, 923 F.2d 590, 594 (8th Cir.1991) *see also United States v. Wise*, 923 F.2d 86, 87 (8th Cir. 1991) ("It is error to base findings of facts on the probation officer's hearsay testimony without undertaking the Confrontation Clause analysis required by *United States v. Fortier*, 911 F.2d 100, 103 (8th Cir. 1990).").

■ The trial court erred in relying on the hearsay statements in the PSIR, but we believe this to be harmless error. In *Lowrimore* the district court was allowed to rely upon its recollection of the testimony presented at trial. Tabron's testimony at trial and the tape recording were adequate evidence to support the court's finding that Johnson was a leader of a criminal activity involving five or more participants.

Accordingly, we affirm.