UNITED STATES of America, Appellee,

v.

Charles Joe WILLIAMS, also known as Tony Williams, Appellant.

No. 92–2045.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1992.

Decided Dec. 28, 1992.

Cliff Wendel, Asst. U.S. Atty., Des Moines, IA, for appellant.

Ronald Lee Wheeler, Des Moines, IA, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN, Circuit Judge, and BEAM, Circuit Judge.

WOLLMAN, Circuit Judge.

The United States appeals from the district court's[1] order granting Charles Williams's motion to suppress evidence. We affirm.

### I.

On January 9, 1992, Charles Williams rented rooms 206 and 208 at the Hampton Inn in Des Moines, Iowa. Williams checked into the rooms under the name "Tony Williams" and listed "1305 East 17th Street, Des Moines, Iowa 51301" as his address. Later that day, Richard DeJoode, Jr., a Des Moines police officer assigned to the Narcotics Control Unit, received a telephone call from a confidential informant in Hampton Inn management who reported that a "Tony Williams" had checked into two rooms at the motel and had paid with cash. The caller also reported that the defendant had previously rented two rooms at the Hampton Inn on December 21, 1991, and had listed the same name and address. DeJoode and other officers promptly set up surveillance of Rooms 206 and 208.

DeJoode searched police files for information concerning a "Tony Williams." He recovered information pertaining to one Tony David Williams with an address of 1350 Idaho Street in Des Moines. The police files described Tony David Williams as a sixteen-year-old black male, weighing between 110 and 120 pounds, with a thin or small build. DeJoode did not ask the desk clerk or any other Hampton Inn employee for a physical description of the person who had rented the rooms, nor did he make any other effort to determine whether the Tony David Williams described in the police files was in fact the subject of his current investigation. Had he done so, DeJoode would have found that Charles Williams is a black male in his late twenties who weighs about 225 pounds and is six feet tall.

On January 10, 1992, DeJoode filed an application for a search warrant with the Polk County district court. The accompanying affidavit stated that Tony Williams: 1) was "a self proclaimed Rolling 90's Street Crip gang member, who in June 1991 made threats to bomb or shoot a police officer in Des Moines;" 2) had been the focus of five narcotics complaints dating from February 1990; 3) had, along with other Crip gang members, brutally assaulted an associate to dissuade him from terminating his own gang membership; and 4) was known to carry nine millimeter handguns and fully automatic weapons. All of this information pertained to Tony David Williams; none of it concerned Charles Williams.

DeJoode accurately informed the state judge in his affidavit that the person under investigation was renting more than one motel room in his home town; had rented more than one room at the same motel on an earlier occasion; had paid for the rooms with cash; had made telephone calls to the Los Angeles area; and had received visitors in these rooms. Last, the affidavit alleged that a field test of rolling paper scraps found in the trash of Rooms 206 and 208 tested positive for marijuana. In reliance upon the affidavit, the state judge

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

issued a search warrant authorizing law enforcement officers to search Rooms 206 and 208 of the Hampton Inn, any persons found within the rooms, and any vehicle belonging to those persons.

Officers executed the warrant on January 10, 1992, and seized the evidence that the government seeks to introduce. Following a hearing, the district court granted Williams' suppression motion.

## II.

In conducting the suppression hearing, the district court reviewed the challenge to the search warrant under the standard set forth in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To succeed in a *Franks*-type challenge to the validity of a warrant, a defendant must establish by a preponderance of the evidence that the affiant, either knowingly and intentionally, or with reckless disregard for the truth, included a false statement within the warrant affidavit; and that with the false material set aside, the affidavit's remaining content is insufficient to establish probable cause. Id. at 155–56, 98 S.Ct. at 2676–77. *United States v. Day*, 949 F.2d 973, 977 (8th Cir.1991).

■ All of the information concerning Tony David Williams that DeJoode provided to the state judge was false, because it related to a person other than Charles Williams. The district court found that DeJoode: 1) had made no attempt to get a physical description of the defendant from the motel clerk; 2) had made no other attempt to determine whether the person under investigation and the Tony Williams described in police files were the same person; 3) had known that the address of the Tony Williams described in the police files and the address listed by Charles Williams on the motel blotter were different; 4) had known of the existence of more than one Tony Williams in the Des Moines area; and

5) had failed to inform the state judge of these deficiencies in his investigation. From this course of conduct, the district court concluded that DeJoode had included the false information in his affidavit in a reckless or intentional manner.

■ After setting aside the false and misleading material pursuant to *Franks,* the district court reviewed the remaining information to determine whether it was sufficient to establish probable cause for a search of the two motel rooms. The remaining information established only that Williams had rented more than one motel room in his home town for the second time, had paid for the rooms in cash, had made telephone calls to the Los Angeles area from these rooms, and had received visitors. It also included the averment that a field test of rolling paper scraps found in the trash of Rooms 206 and 208 tested positive for marijuana. Assuming that all of this remaining information was true, the district court found that the accurate information, in the aggregate, was insufficient to establish probable cause.[2]

■ We review a district court's ruling on a motion to suppress evidence under the clearly erroneous standard. *United States v. Johnson*, 925 F.2d 1115, 1117 (8th Cir. 1991). Under this standard, we "ordinarily will affirm a decision unless there is not substantial evidence to support it, it evolves from an erroneous conception of the applicable law, or, upon considering the entire record, we are left with a definite and firm conviction that a mistake has been made." *United States v. McGlynn*, 671 F.2d 1140, 1143 (8th Cir.1982) (citations omitted). *Accord United States v. Morales*, 923 F.2d 621, 623 (8th Cir.1991).

Although we may have found otherwise, we cannot say that the district court's findings are clearly erroneous, and thus we uphold them.

---

**2.** The district court declined to reach the issue of whether the authorities obtained the scraps of rolling paper from the motel room trash through an illegal search. (District Court Order of April 2, 1992, at 6 n. 2.) The court held that even if the information concerning the rolling papers was obtained legally, the officers had not

presented the magistrate with sufficient information to support a finding of probable cause. Because we uphold this finding of the district court, we do not reach the fourth amendment issue concerning the search of the motel room trash by a motel employee.

We have considered the government's remaining arguments, and we conclude that they are without merit.

The judgment of the district court is affirmed.