39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Richard L. WITTMAN, Appellant.
 No. 94-1787.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 26, 1994.
Filed: November 8, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Richard L. Wittman entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(e)(1). The district court[1] sentenced him to 180 months imprisonment and three years supervised release. Wittman appeals his conviction and sentence. We affirm.
 
 
 2
 Authorities stopped Wittman, who had been under surveillance as a suspected drug dealer, as he was leaving a motel in his car. After ordering Wittman out of the car, narcotics investigator Christopher Rea patted down Wittman and a jacket Wittman had removed. Rea found cash and syringes in the jacket, found a gun under the front seat of the car, and arrested Wittman. Rea left the jacket and other items in the car, in the custody of another officer, while he applied for a search warrant. After obtaining a warrant that misdescribed the vehicle, Rea searched the car and found a gun in a pocket of the jacket.
 
 
 3
 Wittman moved to suppress the evidence seized from his jacket and car. At the suppression hearing, Rea testified that officers had received information that Wittman was selling drugs and was armed, and had observed extensive foot traffic in and out of various locations where Wittman resided during the investigation. Before the traffic stop, Rea watched Wittman hurriedly leave the motel where he had been staying moments after discovering surveillance equipment outside his room. Rea knew Wittman's driver's license had been suspended some months previously, ordered the traffic stop on that basis, and then verified that the license was still suspended immediately after the stop.
 
 
 4
 On this record, the district court did not commit clear error in adopting the magistrate judge's[2] recommendation to deny Wittman's motion to suppress. See United States v. Williams, 981 F.2d 1003, 1005 (8th Cir. 1992) (standard of review). The initial stop was a valid stop under Terry v. Ohio, 392 U.S. 1, 20-23 (1968), based upon the lengthy investigation of Wittman's apparent drug trafficking activities. There was also probable cause to stop Wittman for driving without a license. See United States v. Cummins, 920 F.2d 498, 500 (8th Cir. 1990) (officer who observes traffic offense, however minor, has probable cause to stop driver), cert. denied, 112 S. Ct. 428 (1991). The patdown search of Wittman's jacket and the search under the front seat were part of a valid protective search. See Michigan v. Long, 463 U.S. 1032, 1049 (1983); Terry, 392 U.S. at 27-30; Cummins, 920 F.2d at 502. Finally, the clerical error in the post-arrest search warrant does not entitle Wittman to suppression relief because the car and jacket could have been searched incident to the arrest, or as part of a post-arrest inventory. See Cummins, 920 F.2d at 502-03.
 
 
 5
 Wittman also appeals his fifteen-year mandatory minimum prison term under 18 U.S.C. Sec. 924(e)(1) (minimum term for Sec. 922(g) violator with three prior violent felony convictions), arguing that his prior burglary convictions were not predicate felonies because he was not sentenced to more than one year in prison. This argument fails. Each of the three prior burglary convictions was punishable by more than one year of imprisonment. See 18 U.S.C. Sec. 924(e)(2)(B) (" 'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that ... is burglary ..." (emphasis added)); United States v. Hendrickson, 940 F.2d 320, 324 & n.7 (8th Cir.), cert. denied, 112 S. Ct. 610 (1991). In dealing with burglaries, "violent felony" under Sec. 924(e) is not the same as "crime of violence" under U.S.S.G. Sec. 4B1.2(1)(ii). See U.S.S.G. Sec. 4B1.4, comment. (n.1).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska
 
 
 [2]
 The HONORABLE KATHLEEN ANN JAUDZEMIS, United States Magistrate Judge for the District of Nebraska