68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee/Cross-Appellant,
v.
Joseph RIGGINS, Appellant/Cross-Appellee.
 Nos. 95-2181, 95-2249.
 United States Court of Appeals, Eighth Circuit.
 Oct. 18, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Riggins appeals his conviction, following a conditional guilty plea, for conspiring to possess and distribute cocaine base. Riggins argues the district court[1] improperly denied his motion to suppress evidence seized by officers at the time of his arrest. The government cross-appeals Riggins's sentence. We affirm Riggins's conviction and dismiss the government's cross-appeal.
 
 
 2
 Officers of the Little Rock Police Department received information that Riggins and two other men were at a residence processing powder cocaine into crack cocaine. Shortly after the officers established surveillance on the residence, the occupants became aware of their presence. The officers thus abandoned surveillance and approached the residence to request a consent to search and to interview the occupants. As the officers walked up the driveway towards the front door, Riggins attempted to flee the house, and when ordered to stop, was observed throwing a plastic bag to the ground. The officers apprehended Riggins and retrieved the abandoned plastic bag, which contained ten smaller bags of rock cocaine and a bag of powder cocaine.
 
 
 3
 As the officers were apprehending Riggins, a second man attempted to flee, ignored an order to stop, and ran back into the house. An officer testified that "[n]ot knowing whether he had more narcotics or was going to get a gun or what his intentions were," the officer followed him into the house and placed him in custody, along with the other occupants. While in the house, the officers seized cocaine and other cocaine-related paraphernalia.
 
 
 4
 The district court concluded the officers had probable cause to arrest Riggins, and the warrantless search was valid as exigent circumstances left the officers no workable alternative.
 
 
 5
 We review a district court's denial of a motion to suppress for clear error. See United States v. Williams, 981 F.2d 1003, 1005 (8th Cir.1992). Seizure of the bag of cocaine was proper both because it was in "plain view" and because once Riggins dropped the bag, it was abandoned fair game for the officers to seize. See United States v. Evans, 966 F.2d 398, 400 (8th Cir.), cert. denied, 113 S.Ct. 502 (1992) (plain view); United States v. Willis, 967 F.2d 1220, 1223 (8th Cir.1992) (fair game). We reject Riggins's contention that the officers were not lawfully in a position to view the evidence. See United States v. Reed, 733 F.2d 492, 501 (8th Cir.1984) (no Fourth Amendment search occurs when police officers who enter private property restrict their movements to those areas generally made accessible to visitors--such as driveways); United States v. Ventling, 678 F.2d 63, 66 (8th Cir.1982) (per curiam) (no legitimate privacy expectation in residential driveway accessible to and from public highway).
 
 
 6
 We also agree that exigent circumstances justified the warrantless entry. See United States v. Parris, 17 F.3d 227, 229 (8th Cir.), cert. denied, 114 S.Ct. 1662 (1994); cf. United States v. Clement, 854 F.2d 1116, 1119-20 (8th Cir.1988) (per curiam) (warrantless entry justified when circumstances subsequent to knocking were not consistent with innocent behavior). Given the circumstances and the speed with which they occurred, the officers could reasonably have believed evidence would be destroyed if they left to secure a warrant.
 
 
 7
 Finally, we dismiss the government's cross-appeal for failure to provide "the personal approval of the Attorney General, the Solicitor General, or a deputy solicitor general designated by the Solicitor General." 18 U.S.C. Sec. 3742(b). While our sister circuits have aptly described this requirement as non-jurisdictional, see, e.g., United States v. Gonzalez, 970 F.2d 1095, 1101-1102 (2d Cir.1992), the statute's plain language requires such approval before "further prosecution."
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas