# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1891NI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal for the United |
| v. | * | States District Court |
| | * | for the Northern District |
| | * | of Iowa. |
| Brian Hulse, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 17, 1999

Filed: December 6, 1999

_____

Before RICHARD S. ARNOLD, FLOYD R. GIBSON, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


A jury convicted Brian Hulse of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and use of a communication facility to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b). The District Court[1] sentenced the defendant to 126 months' imprisonment on the conspiracy count and 48 months' imprisonment on the

_____

[1]The Hon. Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

communication count, to run concurrently. The Court also imposed a five-year term of supervised release and a $100 special assessment. The defendant appeals his conviction, arguing that there was insufficient evidence that he conspired to distribute methamphetamine, and that the District Court erred in admitting what should have been inadmissible hearsay. We affirm the judgment of the District Court.

I.

We state the facts in the light most favorable to the verdict. The individuals in this conspiracy were Brian Hulse, Terry Swant, Steve Damjanovic, Reuben Saldivar, and Leonzo Saldivar. Terry Swant, the chief witness against the defendant, pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. Swant testified against the defendant pursuant to his plea agreement. According to Swant's testimony at trial, he started shipping methamphetamine via United Parcel Service from California to Damjanovic in Iowa as early as January of 1988.

Swant became familiar with the defendant in November of 1988 when they both worked at Alexander Battery. Swant testified that in 1990, he and the defendant agreed to have boxes containing methamphetamine sent from California directly to Alexander Battery. Further, the defendant agreed to set aside the packages of methamphetamine received at Alexander Battery. Swant testified that both Damjanovic and the defendant would give him money to fly to California and obtain methamphetamine.

Swant testified that beginning in 1990, he would go to California on these methamphetamine runs every six to eight weeks. Swant would call the defendant and tell him how to identify the package so that the defendant could put it aside. Swant testified that the defendant would then set the package aside, and then Swant would retrieve the package either from Alexander Battery or from the defendant's residence. Swant would then give the defendant his share of the methamphetamine. On these

trips, Swant's suppliers were Reuben Saldivar, and eventually Reuben's father, Leonzo Saldivar.

From early 1991 on, Leonzo Saldivar would ship the methamphetamine directly to Alexander Battery. Swant testified that the methamphetamine and money were sent back and forth in a hollowed-out battery charger and preprinted Alexander Battery box provided by the defendant. In 1994, Swant's and Damjanovic's homes were searched by law enforcement. Both methamphetamine and the hollowed-out battery charger were found. Swant testified that he gave 6 or 7 ounces of methamphetamine to the defendant to sell, as Swant needed cash because of legal problems.

Near the end of 1994, Swant and Damjanovic were arrested in Michigan when Swant tried to obtain methamphetamine from an undercover police officer. When Swant was arrested, he had approximately $7,000 in his possession. Swant testified that Damjanovic and the defendant had each supplied this money, and that the defendant wanted Swant to refund his portion because he had used his Visa card to obtain the cash. The defendant's credit card account summary showed a $2,000 cash withdrawal on December 5, 1994.

Steven Damjanovic pleaded guilty to conspiracy to distribute and possess methamphetamine with intent to distribute. Along with Swant, he testified against the defendant pursuant to his plea agreement. Damjanovic confirmed his role in the conspiracy. He testified that he would occasionally see the defendant at Swant's house, at times when Damjanovic was waiting there to pick up methamphetamine. In addition, Damjanovic used methamphetamine at Swant's house with the defendant. Damjanovic testified he never overheard the defendant and Swant discuss how they were obtaining methamphetamine. However, he did testify that Swant told him that it was the defendant who received the methamphetamine shipments at Alexander Battery. Damjanovic further testified that when he went with Swant to Michigan in 1994 to

purchase methamphetamine, Swant told him that "a guy named Brian" had contributed the rest of the money.

At his trial, the defendant objected to much of Swant's, Saldivar's, and Damjanovic's testimony. The District Court conditionally allowed the testimony. After all the evidence was in, the Court made a ruling pursuant to United States v. Bell, 573 F.2d 1040, 1043 (8th Cir. 1978), that the evidence was admissible as being made by co-conspirators in the course and in furtherance of a conspiracy under Federal Rule of Evidence 801(d)(2)(E).

At the close of the government's case the defendant made a motion for judgment of acquittal pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. The Court denied this motion. The defendant renewed this motion at the close of all the evidence, and the Court again denied the motion.

II.

We first review defendant's claim that the District Court erred in admitting testimony under the co-conspirator hearsay exception of Federal Rule of Evidence 801(d)(2)(E). Defendant argues that there was insufficient proof at trial of a conspiracy involving the defendant. In particular, defendant argues three portions of Damjanovic's testimony should have been excluded: (1) Damjanovic's testimony that Swant told him the methamphetamine was coming in through Alexander Battery; (2) Damjanovic's testimony that Swant told him the defendant was involved in receiving packages at Alexander Battery; and (3) Damjanovic's testimony that Swant told him that someone named "Brian" had put up a portion of the money for the methamphetamine purchase in Michigan.

To admit the statements of co-conspirators, the District Court must determine, by a preponderance of the evidence, that there was a conspiracy involving the declarant

and the defendant, and that the statement was made during the course and in furtherance of that conspiracy. See United States v. Bourjaily, 483 U.S. 171, 175 (1987). The District Court can look at the hearsay statements themselves as evidence of the conspiracy. Id. at 181.

Here, the District Court did not commit clear error in finding by a preponderance of the evidence that there was a conspiracy involving Swant and the defendant. Swant's statements, entered through Damjanovic, that the defendant helped receive and contributed money toward methamphetamine, are themselves evidence of a conspiracy between Swant and the defendant. Swant's in-court testimony was an additional non-hearsay source of evidence to establish a conspiracy.

Likewise, the District Court did not commit clear error in finding by a preponderance of the evidence that the statements at issue were made during the course of and in furtherance of a conspiracy. The statements related to the drug-distribution network, identify other co-conspirators, and discuss the roles the conspirators played in the conspiracy. See United States v. Johnson, 925 F.2d 1115, 1117 (8th Cir. 1991). Again, Swant's in-court testimony furnishes independent evidence that these statements were made in furtherance of a conspiracy.

Therefore, the District Court did not err in admitting Damjanovic's testimony concerning Swant's statements. These statements were well within the hearsay exception under Federal Rule of Evidence 801(d)(2)(E).

### III.

We next review defendant's claim that there was insufficient evidence to support his conviction. Defendant points to the lack of physical evidence and corroborating testimony connecting him to a conspiracy. We hold that this claim has no merit.

We may reverse the jury's decision only if "no reasonable jury could find beyond a reasonable doubt that [the defendant] is guilty of the offense charged." United States v. Buford, 108 F.3d 151, 153 (8th Cir. 1997). A defendant challenging the sufficiency of the evidence in a conspiracy case has a heavy burden, as proof of the crime may rest on indirect or circumstantial evidence, see United States v. Copple, 827 F.2d 1182, 1187 (8th Cir. 1987), and circumstantial evidence can be as probative as direct evidence in proof of a conspiracy. See United States v. American Grain and Related Industries, 763 F.2d 312, 315 (8th Cir. 1985).

Here, there was sufficient evidence to allow a reasonable jury to find the defendant guilty beyond a reasonable doubt of the charges against him. Swant's testimony, Damjanovic's testimony concerning Swant's statements, and the defendant's credit-card records, were all evidence that the defendant gave Swant money to purchase methamphetamine. Swant's and Damjanovic's testimony was evidence that Swant told the defendant how to identify the boxes with methamphetamine, and that the defendant did in fact help sort and distribute those boxes. The jury, with full information about Swant's and Damjanovic's motives for testifying, found this testimony credible.

There was other evidence supporting the defendant's guilt. The battery charger found in Swant's house further linked the defendant to the conspiracy, as did the fact that Damjanovic testified that he had seen the defendant in Swant's company when Damjanovic was waiting for methamphetamine. Although individually these pieces of evidence might not be sufficient, when taken as a whole they certainly are.

## IV.

For the above reasons, the judgement is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.