# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2686

_____

Kenneth R. James,

            Petitioner - Appellant,

v.

T. C. Outlaw, Warden,

            Respondent - Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: March 16, 2005
Filed: March 24, 2005

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Kenneth R. James was convicted of forcibly breaking into a post office, in violation of 18 U.S.C. § 2115, and of theft of postal money orders and possession of stolen postal money orders, in violation of 18 U.S.C. § 500. He was sentenced to 84 months imprisonment. James filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the Bureau of Prisons (BOP) violated his due process rights by miscalculating his good time credits. The district court[1] denied the petition, and James appeals.

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

James argues that BOP's method of calculating good time credits based on time actually served rather than the sentence imposed conflicts with the plain meaning of 18 U.S.C. § 3624, is contrary to congressional intent, and leads to an extra seven days of imprisonment per year. The government contends that the plain meaning of § 3624(b) calls for awarding good time credits based on time served and that even if the statute is ambiguous, BOP's interpretation set out at 28 C.F.R. § 523.20 is entitled to deference and is reasonable.

We conclude that § 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed. See White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Pacheco-Camacho v. Hood, 272 F.3d 1266 (9th Cir. 2001). Since the BOP regulation was adopted through the notice and comment procedure, it is entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), and we conclude that it is a reasonable interpretation of the statute.

We accordingly affirm the judgment of the district court.[2]

_____

[2]Appellant's motion to strike the government's 28(j) letter is denied as moot.