Jose Luis **VARGAS–CRISPIN,** Pro–Se, Petitioner, Pro–Se

v.

Michael **ZENK, Warden, MDC–Brooklyn the Federal Bureau of Prisons Jeff Johnson, ISM Manager Carlos Duff, Unit Manager Benius M. Beard, Case Manager Does 1 to 10, Defendants.**

No. 04–cv–5035 (SJF).

United States District Court, E.D. New York.

July 13, 2005.

Jose Luis Vargas–Crispin, Brooklyn, NY, pro se.

Mary K. Barr, United States Attorney Special Assistant, Brooklyn, NY, for Defendants.

## OPINION & ORDER

FEUERSTEIN, District Judge.

### I. Introduction

*Pro se* petitioner Jose Luis Vargas–Crispin ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner pled guilty in 2003 to one count of conspiracy to distribute cocaine and possession of cocaine with the intent to distribute in violation of 21

U.S.C. § 846. (Def. Mem. at 2). Petitioner was sentenced to a term of incarceration of thirty-four (34) months by the Honorable Judge Jerome B. Simandle, United States District Judge for the District of New Jersey, on June 26, 2003. (*Id.*, Pet. 6, 7). According to the Bureau of Prisons ("BOP"), Petitioner is scheduled to be released from prison on October 31, 2005. (Def. Mem. at 1). Petitioner contends that the BOP has miscalculated his "good conduct time" under 18 U.S.C. § 3624(b), and that his proper release date is October 10, 2005. (*Id.*). Specifically, while both parties agree that Petitioner's full term of imprisonment is set to expire on February 2, 2006, Petitioner claims that he is entitled to 153 days of good conduct time ("GCT"), whereas the BOP believes Petitioner is only entitled to credit for 133 days. (Pet. at 2). Petitioner claims that the BOP is misinterpreting the phrase "term of imprisonment," as used in the governing statute, 18 U.S.C. 3624(b), which he claims refers to the sentence imposed by the judge and not, as the BOP contends, only to time actually served. (*Id.* at 10, 12; Def. Mem. at 12).

Petitioner concedes that he has not exhausted his available administrative remedies, (Pet. at 13), but contends that the BOP's interpretation of "term of imprisonment" is inflexible, making any attempt to pursue administrative proceedings futile. He also claims that the lengthy administrative process would extend beyond his scheduled release and thereby moot his claim. (Pet. at 19).

III. Plaintiff's Pleadings

■ A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers...." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. *Traguth v. Zuck*, 710 F.2d 90, 92 (2d Cir.1983).

IV. Analysis

A. Exhaustion

■■ Defendant seeks dismissal of the instant petition on the ground that Petitioner has failed to exhaust his administrative remedies. However, as a judicially imposed rather than statutory requirement, *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir.2001), the "exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 58 (2d Cir.2003) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)).

Petitioner has demonstrated that any application to the BOP would be futile, and he is therefore excused from the exhaustion requirement. *See, e.g., Garcia v. Zenk*, 2005 WL 950640, at *1 n. 1, 2005 U.S. Dist. LEXIS 7216, at *2 n. 1 (E.D.N.Y., Apr. 26, 2005) (Block, J.) (excusing exhaustion in a challenge to the construction of "term of imprisonment" under § 3624(b) because the "BOP has taken a firm stand on its method of calculating GCT ... [and therefore] requiring [petitioner] to exhaust administrative remedies would be futile."); *Williams v. Dewalt*, 351 F.Supp.2d 412, 413 n. 1 (D.Md.2004)

("[A]ny effort to exhaust administrative remedies [would be] futile given that the BOP would be unlikely to grant Petitioner's relief in contravention of its own published regulations.") (overruled on other grounds by *Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005)).

B. 18 U.S.C. § 3624(b)

The amount of GCT to which a prisoner in federal custody is entitled is governed by 18 U.S.C. § 3624. In relevant part, § 3624 states that

> a prisoner who is serving a term of imprisonment of more than 1 year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624. The BOP has interpreted this to mean that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served." 28 C.F.R. § 523.20. Petitioner claims that his right to "receive credit ... of up to 54 days at the end of each year of the prisoner's term of imprisonment," 18 U.S.C. § 3624(b), entitles him to 54 days for each year of the sentence imposed by the sentencing judge, (Pet. at 10–11), and just not "for each year served." 28 C.F.R. § 523.20.

The regulation at issue, 28 C.F.R. § 523.20, was adopted through the notice-and-comment procedure. Therefore, it is entitled to full deference pursuant to *Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). *See Pacheco–Camacho v. Hood*, 272 F.3d 1266, 1268 (9th Cir.2001); *De La Mota v. United States Dep't of Educ.*, 412 F.3d 71, 79 (2d Cir. 2005). According to *Chevron*, once a federal statute has been interpreted by the implementing federal agency, a Court is obligated to follow a two-prong analysis: first, the Court must examine whether Congress's intent is clear from the plain language of the statute. *Id.* at 842–843, 104 S.Ct. 2778; *Medina v. Gonzales*, 404 F.3d 628, 633 (2d Cir.2005). If the statute is "silent or ambiguous," thereby making Congress's intent unclear, the Court must defer to the agency's interpretation provided it is "based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843, 104 S.Ct. 2778.

The Second Circuit has yet to rule on this issue.[1] However, every circuit that has addressed the issue has held that 18 U.S.C. § 3624(b) is ambiguous. *See Perez–Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir.2005); *Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir.2005); *Sample v. Morrison*, 406 F.3d 310, 313 (5th Cir.2005); *Brown v. Hemingway*, 53 Fed.Appx. 338 (6th Cir.2002) (unpublished); *White v. Scibana*, 390 F.3d 997, 1001 (7th Cir.2004); *James v. Outlaw*, 126 Fed.Appx. 758 (8th Cir.2005) (unpublished); *Pacheco–Camacho v. Hood*, 272 F.3d 1266, 1268 (9th Cir.2001); *see also Garcia v. Zenk*, 2005 WL 950640, 2005 U.S. Dist. LEXIS 7216 (E.D.N.Y., Apr. 26, 2005) (Block, J.); *Tash v. Zenk*, 2005 WL

---

1. *Pasciuti v. Drew*, 2004 WL 1247813, 2004 U.S. Dist. LEXIS 10352 (N.D.N.Y., Jun. 2, 2004) is currently on appeal to the Second Circuit.

503938, 2005 U.S. Dist. LEXIS 3303 (E.D.N.Y., Feb. 14, 2005) (Gleeson, J.); *Schurkman v. Bureau of Prisons*, 2004 WL 2997863, 2004 U.S. Dist. LEXIS 25923 (S.D.N.Y., Dec. 28, 2004) (Chin, J.). I concur with this determination.

Specifically, although Petitioner's position is supported by the use of "term of imprisonment" in, for example, § 3624(a),[2] the BOP's interpretation is supported by 18 U.S.C. § 3624(d), which states that "[u]pon the release of a prisoner on the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with," *inter alia*, clothing, money and transportation. 18 U.S.C. § 3624(d). Here, "term of imprisonment" must refer to the time actually served, and not the sentence imposed. *Yi*, 412 F.3d at 530. As Judge Chin explained in *Schurkman*, "[i]f 'term of imprisonment' means 'sentence imposed' in this context, a prisoner would not receive clothing, money, or transportation until days, months, or even years after his actual release from incarceration. Congress could not have intended this illogical result." *Schurkman*, 2004 WL 2997863, at *4, U.S. Dist. LEXIS at *13. "Term of imprisonment" is thus ambiguous as used in 18 U.S.C. § 3624.

Under the second prong of the Chevron analysis, the Court must determine whether the BOP's interpretation is a reasonable construction of the statute. As found by every court which has considered the issue, *see, e.g., Perez–Olivo*, 394 F.3d at 54; *White*, 390 F.3d at 1003, the BOP's interpretation is reasonable and entitled to deference. *De La Mota v. United States Dep't of Educ.*, 412 F.3d 71, 79 (2d Cir. 2005) ("*Chevron* deference, if applicable, is

mandatory.") (citing *In re New Times Secs. Servs.*, 371 F.3d 68, 80 (2d Cir.2004)).

C. Rule of Lenity

■ Pursuant to the rule of lenity, "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971). However, Petitioner's attempted application of this principle to 18 U.S.C. § 3624 is without merit. As the First Circuit recently explained,

> [W]e are evaluating the reasonableness of the BOP's calculation of reductions in a sentence for GCT, which is not, strictly speaking, a 'criminal' statute, and thus we do not believe the rule of lenity would apply. This determination, however, is unnecessary, because even if we were to assume, arguendo, that the GCT statute was 'criminal,' we note that 'the rule of lenity applies only if, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended.' *Reno v. Koray*, 515 U.S. 50, 65, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (citations and internal quotation marks omitted). Furthermore, the rule of lenity does not foreclose deference to an administrative agency's reasonable interpretation of a statute. *See Babbitt v. Sweet Home Chapter of Communities*, 515 U.S. 687, 704 n. 18, 115 S.Ct. 2407, 132 L.Ed.2d 597 (1995) ('We have never suggested that the rule of lenity should provide the standard for reviewing facial challenges to administrative regulations whenever the governing statute authorizes criminal enforcement.').

**2.** § 3624(a) states that a prisoner shall be released from prison "on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence as provided in subsection (b)." 18 U.S.C. § 3624(a). Clearly, as used in § 3624(a), "term of imprisonment" must refer to the sentence imposed by the judge, as it contemplates subtracting good time credits from the "term of imprisonment" to calculate the date on which the prisoner is to be released.

*Perez–Olivo,* 394 F.3d at 53. The rule of lenity is thus inapplicable.

V. Conclusion

For the reasons set forth above, Petitioner's application for a writ of habeas corpus is DISMISSED in its entirety. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.