# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3488

_____

United States of America,         *
                                       *
        Appellee,        *
                                       *   Appeal from the United States
    v.               *   District Court for the
                                       *   District of Nebraska.
Richard L. Wittman,       *
                                       *   [UNPUBLISHED]
        Appellant.     *

_____

Submitted: June 28, 2005
Filed: July 18, 2005

_____

Before SMITH, FAGG, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Richard L. Wittman pleaded guilty to being a felon in possession of a firearm, and was sentenced to 180 months imprisonment and 3 years supervised release. The conviction and sentence were affirmed on appeal. See United States v. Wittman, No. 94-1787, 1994 WL 615692 (8th Cir. Nov. 8, 1994) (unpublished per curiam).

Wittman later moved for clarification of his sentence, asserting that the Bureau of Prisons (BOP) miscalculated his good-time credit. The district court[1] denied the

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

motion after finding that the BOP's method of calculating good-time credit based on the amount of time actually served, rather than on the sentence imposed, was a reasonable interpretation of 18 U.S.C. § 3624(b).

On appeal, Wittman argues that the BOP's calculation method is contrary to Congress's unambiguous intent that prisoners are eligible to earn 54 days good-time credit for every year of their sentence. He also argues that, even if section 3624(b) is ambiguous, the district court should have applied the rule of lenity and resolved the ambiguity in his favor.

Wittman's arguments fail. See James v. Outlaw, 126 Fed. Appx. 758, 759 (8th Cir. 2005) (unpublished per curiam) (finding § 3624(b) ambiguous, because it does not clearly indicate whether prisoner's good-time credit should be based on time served in prison or on sentence imposed, and holding that BOP policy of calculating good-time credit based on actual time served is entitled to deference and is reasonable interpretation of § 3624(b)); O'Donald v. Johns, 402 F.3d 172, 173 (3d Cir. 2005) (per curiam) (finding § 3624(b) ambiguous and holding BOP calculation method is reasonable; court will not resort to rule of lenity when ambiguity of statute can be otherwise resolved); Perez-Olivio v. Chavez, 394 F.3d 45, 51-53 (1st Cir. 2005) (same).

Accordingly, we affirm.

_____