UNITED STATES of America, Appellee,

v.

Jeffrey PYNES, Appellant.

No. 93–2363.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 24, 1993.

Decided Sept. 27, 1993.

Steven K. Rabuck, Sioux Falls, SD, argued for appellant.

Michelle G. Tapken, Asst. U.S. Atty., Sioux Falls, SD, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Jeffrey Pynes appeals the 18–month sentence imposed by the district court [1] after he pleaded guilty to unlawful escape from custody, in violation of 18 U.S.C. § 751(a) (1988). We affirm.

Pynes was indicted for escape, "having been lawfully confined for a felony crime on April 24, 1992," (R. at 1), because he failed to arrive at the Glory House half-way house in Sioux Falls, South Dakota. Pynes pleaded guilty to the indictment pursuant to a plea agreement.

According to the presentence report (PSR), Pynes was sentenced in June 1989, for making false statements. Almost three years later, his supervised release was revoked; he was placed in federal custody and transferred to the federal correctional institution at Englewood, Colorado. While in custody, Pynes was furloughed to travel by bus to Glory House in Sioux Falls. Pynes left Englewood on January 25, 1993, and

1. The Honorable John Bailey Jones, Chief Judge, United States District Court for the District of South Dakota.

arrived in Sioux Falls the next morning. Pynes met with his girlfriend, who told him their relationship was over. Pynes left the bus stop and went to a motel instead of reporting to Glory House. Deputy marshals took Pynes into custody without incident on January 28. The presentence report (PSR) indicated a base offense level of 13, a four-level reduction because Pynes escaped from a non-secure setting, and a two-level reduction for acceptance of responsibility. The ensuing total offense level of 7, in conjunction with Pynes's criminal history category VI, resulted in a sentencing range of 15 to 21 months.

In his written objections to the PSR, Pynes argued that he was in custody for revocation of supervised release, rather than for a felony, and thus his base offense level should be 8 rather than 13 pursuant to U.S.S.G. § 2P1.1(a)(2) (Nov.1992). He also argued, among other things, that he should have received a seven-level reduction pursuant to U.S.S.G. § 2P1.1(b)(2) because he escaped from non-secure custody and returned voluntarily.

Pynes reiterated these objections at sentencing. Pynes's aunt testified she was scheduled on January 28 to pick him up and take him to the United States Marshal's Office to turn himself in. Testimony established deputy marshals were in her home when Pynes called her; they went to pick Pynes up themselves; and when Pynes saw them crossing the street to find and arrest him, he went to meet them. The court determined that Pynes's proper base offense level was 13 because it believed that being in custody for violation of supervised release fell under section 2P1.1(a)(1) as a "conviction of any offense." The court also rejected Pynes's argument that he was entitled to a seven-level reduction for voluntarily turning himself in. The court acknowledged Pynes's assertion that he was eventually going to turn himself in, but found this unacceptable, and sentenced him to 18 months imprisonment and two years supervised release.

■ The Guidelines provide that the base offense level for escape is "13, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any of-fense"; or "8, otherwise." U.S.S.G. § 2P1.1(a)(1) & (2). Pynes argues that be-cause he was in custody for revocation of his supervised release, his base offense level qualifies as "otherwise" and should be 8. The district court determined this custody qualifies as being in custody for "conviction of any offense." Because this is a first-impression question involving interpretation of the scope of the guidelines, our review is de novo. *See United States v. Werlinger*, 894 F.2d 1015, 1016 (8th Cir.1990).

We note that the "8, otherwise" provision of section 2P1.1(a)(2) originally read: "8, if from lawful custody awaiting extradition, pursuant to designation as a recalcitrant wit-ness or as a result of a lawful arrest for a misdemeanor." U.S.S.G. § 2P1.1(a)(2) (1987). While the older section is not deter-minative of the issue, it does suggest the types of circumstances the Commission had in mind when it drafted "otherwise." Reso-lution of the issue turns on the characteriza-tion of supervised release. We conclude Pynes was on supervised release by virtue of his original felony conviction, and hence upon revocation of his supervised release was in custody for "conviction of any offense." We note that Pynes pleaded guilty to an indict-ment which charged him with escaping while "having been lawfully confined for a felony crime."

■ Pynes next argues that the district court erred in denying him a seven-level reduction because he voluntarily returned. We accept the district court's factual findings at sentencing unless they are clearly errone-ous. *United States v. Johnson*, 925 F.2d 1115, 1117 (8th Cir.1991). Section 2P1.1(b)(2) provides that "[i]f the defendant escaped from non-secure custody and re-turned voluntarily within ninety-six hours, decrease the offense level under § 2P1.1(a)(1) by 7 levels." The commentary defines "returned voluntarily" as including "voluntarily returning to the institution or turning one's self in to a law enforcement authority as an escapee (not in connection with an arrest or other charges)." U.S.S.G. § 2P1.1, comment. (n. 2). If the defendant escaped from non-secure custody, *see* section 2P1.1, comment. (n. 1), and subsection (b)(2)

does not apply, the court should decrease the offense level by 4 levels. U.S.S.G. § 2P1.1(b)(3). Here, Pynes surrendered only when he saw deputy marshals crossing the street to find and arrest him. The district court declined to find that he turned himself in voluntarily, and applied the subsection (b)(3) four-level reduction. We hold the district court's determination that Pynes did not turn himself in voluntarily was not clearly erroneous.

Accordingly, the judgment is affirmed.