```
_____

   No. 95-2389
_____
```

United States,                    *
                                  *
          Appellant,              *
                                  *
     v.                           *
                                  *
Parrish Love,                     *
                                  *
          Appellee.               *

```
_____
                                  Appeals from the United States
   No. 95-2391                    District Court for the
_____                       District of South Dakota.
```

United States,                    *
                                  *   [UNPUBLISHED]
          Appellant,              *
                                  *
     v.                           *
                                  *
Keith Irvan Dougan,               *
                                  *
          Appellee.               *

```
                  _____

       Submitted:  December 21, 1995

          Filed:  January 19, 1996
                  _____
```

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.

```
                  _____
```

PER CURIAM.

The government appeals the sentences imposed on Parrish Love and Keith Irvan Dougan (defendants) by the district court following their guilty pleas to escaping from the federal prison camp in Yankton, South Dakota (Yankton), in violation of 18 U.S.C. § 751(a). For the reasons set forth below, we reverse and remand for

resentencing.

Defendants were incarcerated at Yankton to serve their respective drug-offense sentences. One morning, defendants escaped from Yankton and were arrested shortly thereafter. Love's presentence report (PSR) recommended a total offense level of 11, a Category IV criminal history, and a Guidelines range of 18 to 24 months imprisonment. Parrish's PSR recommended a total offense level of 11, a Category III criminal history, and a Guidelines range of 12 to 18 months imprisonment. Both defendants objected to, among other things, the PSR's failure to recommend a four-level specific-offense-characteristic reduction under U.S.S.G. § 2P1.1(b)(3) ("[i]f the defendant escaped from the non-secure custody of a community corrections center, community treatment center, `halfway house,' or similar facility . . . decrease the offense level under section [2P1.1(a)(1)] by **4** levels").

At his sentencing hearing, Love argued that Yankton was a non-secure facility similar to a community corrections center. When Love failed to produce any evidence to support this assertion, the district court erroneously stated "the burden f[ell] upon the Government to produce the evidence." In response, the government offered evidence of the difference between a community corrections center and a federal prison camp, but failed to present any evidence specific to Yankton. The district court concluded that the government had failed to satisfy its burden of proof, granted Love the four-level reduction, and sentenced him to eight months imprisonment (to run consecutive to his current federal sentence) and three years supervised release (to run concurrent to any other term of supervision).

At Dougan's sentencing hearing, the parties and the district court "incorporated" the arguments, testimony, and findings from Love's sentencing hearing. The district court granted Dougan the

four-level reduction and sentenced him to seven months imprisonment (to run consecutive to his current federal sentence) and three years supervised release (to run concurrent to any other term of supervision).

The government then filed a Fed. R. Crim. P. 35 motion to correct defendants' sentences based on the "misapplication" of section 2P1.1(b)(3). The district court denied the government's motion. In its order, the district court again stated that the government had failed to satisfy its burden to proof. The government timely appealed.

"The burden of proof is on the government with respect to the base offense level and any enhancing factors. The burden of proof is on the defendant with respect to mitigating factors." United States v. Hammer, 3 F.3d 266, 272 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994). Section 2P1.1(a) sets forth the base offense level for a violation of 18 U.S.C. § 751(a). Section 2P1.1(b) contains the "Specific Offense Characteristics" which, if proven, may be used to enhance or reduce a defendant's offense level. Because section 2P1.1(b)(3) sets forth a mitigating factor to reduce a defendant's offense level, the defendant bears the burden of proof. Cf. United States v. Rayner, 2 F.3d 286, 288 (8th Cir. 1993) ("defendant has the burden of proving the applicability of reductions to the offense level"; affirming denial of § 3B1.2(b) role reduction). We conclude the district court erred by placing the burden of proof on the government as to this mitigating factor. As the record is insufficient to show whether Yankton was a "similar facility," we also conclude the district court erred by assessing the section 2P1.1(b)(3) reduction. See United States v. Pynes, 5 F.3d 1139, 1140 (8th Cir. 1993) (per curiam) (reviewing factual findings for clear error, but legal interpretation of Guidelines de novo).

Accordingly, we reverse the judgment of the district court and

-3-

remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.