**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael PATTERSON, Defendant–
Appellant.**

No. 99–50739.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2000.

Filed Oct. 31, 2000.

---

Mayra Garcia, San Diego, California, for the defendant-appellant.

Mark P. Edelman, Assistant United States Attorney, San Diego, California; Cynthia Bashant, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: REINHARDT, T.G. NELSON, and SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge:

Defendant Michael Patterson pled guilty to a one count indictment charging him with escaping from custody in violation of 18 U.S.C. § 751(a). The indictment alleged that Patterson was confined in a correctional center "by virtue of a conviction" for a specified felony. In point of fact, at the time of the escape, Patterson was in custody following revocation of the supervised release imposed as part of his original sentence. At sentencing, the district court applied U.S.S.G. § 2P1.1(a)(1), which mandates a base offense level of 13 if the custody is "by virtue of" a felony arrest or, as in this case, a conviction of any offense. The defendant, however, contends that the district court should have applied U.S.S.G. § 2P1.1(a)(2), which mandates a base offense level of 8 if the custody is "otherwise."

We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we hold that when supervised release is imposed as part of a sentence and then revoked in subsequent proceedings, the resulting confinement is "by virtue of" the original conviction, and therefore, U.S.S.G. § 2P1.1(a)(1) applies.

## I. Background

Defendant Patterson was convicted in 1994 of violating 21 U.S.C. § 843(b), unlawful use of a communication facility, and

sentenced to two years of custody followed by one year of supervised release. Patterson served his two years and went on supervised release. On June 23, 1997, Patterson's supervised release was revoked, and he was returned to custody for twelve additional months. On May 17, 1998, Patterson was transferred from a federal correctional institution to a community corrections center. Two days later, he signed out of the facility under a work release program and never returned.

On May 28, 1998, Patterson was arrested on state charges. He was convicted and sentenced. After serving his state sentence, he was transferred back to federal custody to face a single count indictment charging him with escape in violation of 18 U.S.C. § 751(a).

On August 16, 1999, Patterson pled guilty to the single count indictment. Over his objections, the district court sentenced Patterson to 33 months imprisonment and three years supervised release. This appeal ensued.

## II. Analysis

"Interpretation and application of federal sentencing guidelines present questions of law reviewed de novo." *United States v. Castillo*, 181 F.3d 1129, 1134–35 (9th Cir.1999). The district court sentenced Patterson in accordance with U.S.S.G. § 2P1.1, which in pertinent part states:

> *Escape, Instigating or Assisting Escape*
> (a) Base Offense level:
>   (1) 13, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense;
>   (2) 8, otherwise.
>   . . .

U.S.S.G. § 2P1.1. Over Patterson's objections, the district court found that the defendant, who was in custody at the time of his escape as a result of his supervised release revocation, was in custody "by virtue of" his earlier conviction for unlawful use of a communication facility. Accord-

ingly, the district court applied a base offense level of 13.

The issue presented by this appeal is solely whether a defendant who is in custody after his supervised release has been revoked is in custody "by virtue of" the underlying criminal conviction. The defendant does not dispute that he was in "custody," as that term is used in the statute and guideline, nor does he dispute that he escaped from that custody. Only the nature of the custody is in dispute.

This is an issue of first impression in this circuit. The two circuits that have considered this issue have both concluded that as "the term of supervised release, the revocation of that term, and any additional term of imprisonment imposed for violating the supervised release are all part of the original sentence," the defendant's incarceration after revocation of supervised release is custody "by virtue of" the underlying offense. *United States v. Evans*, 159 F.3d 908, 913 (4th Cir.1998); *see also United States v. Pynes*, 5 F.3d 1139, 1140 (8th Cir.1993) ("We conclude [the defendant] was on supervised release by virtue of his original felony conviction, and hence upon revocation of his supervised release was in custody for 'conviction of any offense.'"). We agree.

Both *Evans* and *Pynes* chiefly rely upon a simple logical argument. If the defendant had not been convicted of the original crime, he would not have been sentenced to supervised release. If he had not been sentenced to supervised release, he would not have been under the conditions that he violated. Had he not violated the restrictions of his supervised release, the court could not have revoked his release status and returned him to custody. His final custody, therefore, is "by virtue of" his original conviction. *Evans*, 159 F.3d at 913; *Pynes*, 5 F.3d at 1140.

While the Ninth Circuit has never ruled on this precise question, this court has consistently held in other contexts that revocation of supervised release is a punishment imposed for the original offense.

As we stated in *United States v. Paskow*, 11 F.3d 873 (9th Cir.1993), "it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of ... supervised release." 11 F.3d at 881 (considering the question for ex post facto purposes). Considering the relationship between a revocation of supervised release and the original sentence for double jeopardy purposes, we stated that:

> "[b]y the plain language of the statute, supervised release, although imposed in addition to the period of incarceration, is a part of the sentence ... the entire sentence, including the period of supervised release, is the punishment for the original crime, and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release."

*United States v. Soto–Olivas*, 44 F.3d 788, 790 (9th Cir.1995) (holding that double jeopardy was not implicated where defendant's conduct was the basis for both criminal prosecution and the revocation of his supervised release.); *see also United States v. Clark*, 984 F.2d 319, 321 (9th Cir.1993) (defendant was on both probation and supervised release (for separate convictions); after his escape, punishment for the probation and supervised release violations was not precluded by double jeopardy because punishment was for conduct underlying original convictions.) [1]

Patterson asserts that the Fourth and the Eighth Circuits are in error because they failed to consider the differences between incarceration and supervised release as recently discussed by the Supreme Court in *United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). Patterson argues that because supervised release is intended for rehabilitation, a period of custody imposed for a violating supervised release is distinct from a period of custody imposed for the underlying conviction. Be that as it may,

it does not follow that custody imposed for a supervised release violation is not "by virtue of" the underlying conviction. The observation that different portions of a criminal sentence have different objectives does not change the fact that the entire sentence is based upon the original criminal conviction. Nor does it change the fact that a defendant would not be on supervised release, and therefore would be unable to violate this "trust" relationship, but for the underlying criminal conviction.

The relationship between the conviction and supervised release becomes clearer when one considers that a violation of supervised release need not be an action that is independently illegal. For example, failing to maintain employment and failing to report a change of residence are common violations, yet neither is independently illegal. Because courts may revoke supervised release for such violations, *see* U.S.S.G. § 7B1.3(2), custody for such violations necessarily relates back to and is imposed "by virtue of" the original criminal sentence. *See Soto–Olivas*, 44 F.3d at 790.

Patterson seeks to distinguish our prior cases by noting that they addressed ex post facto and double jeopardy concerns, not sentencing. Those cases hold that for Constitutional purposes, a revocation of supervised release is an execution of the underlying criminal conviction and sentence. *See, e.g., Paskow*, 11 F.3d at 881. There does not appear to be, and the defendant does not offer, a compelling reason to treat sentencing differently. In fact, as the Fourth Circuit recognized in *Evans*, the Ex Post Facto Clause and the Double Jeopardy Clause are intertwined with the very question presented in this case. 159 F.3d at 913.

■ There is another basis on which to affirm. Patterson pleaded guilty to a single count indictment charging him with escape from custody by virtue of a convic-

---

**1.** *Cf.* 18 U.S.C. § 3583(a) ("The court ... may include as a part of the sentence ... a term of supervised release after imprisonment"); U.S.S.G. Ch.7 Pt. A 3(b) (revocation of supervised release is a punishment for failing to abide by the terms of the original sentence).

tion in violation of 18 U.S.C. § 751(a). That the custody-escaped-from was "by virtue of . . . conviction of any offense" is a statutory element of the crime charged and was specifically alleged in the indictment. 18 U.S.C. § 751(a).[2] Having entered a plea of guilty to the indictment, Patterson has necessarily admitted all of the elements of the charge. *United States v. Cazares*, 121 F.3d 1241, 1246–47 (9th Cir.1997). He is now precluded from arguing at sentencing that a necessary element of the crime of conviction does not exist.[3] *See also Pynes*, 5 F.3d at 1140 (noting that defendant pled guilty to an indictment charging him with escaping while confined for a felony crime).

## III. Conclusion

Because a defendant in custody as a result of a violation of supervised release is in custody by virtue of the underlying conviction, the district court was correct in applying the 13 point base offense level of § 2P1.1(a)(1). The judgment of the District Court for the Southern District of California is AFFIRMED.

---

2. Felony escape is committed when, as in this case, the custody escaped from is by virtue of *any conviction*, or when it is by virtue of a *felony arrest*. 18 U.S.C. § 751(a). Misdemeanor escape may be from custody by virtue of a *misdemeanor arrest* or on immigration matters. *Id.*

3. In his reply brief, Patterson requests for the first time to withdraw his plea. He offers no argument other than the suggestion that he does not like the resulting sentence if his appeal is denied. Defendants, however, are

not allowed to test the sentencing waters and then withdraw their pleas if the result is not to their liking. *United States v. Ramos*, 923 F.2d 1346, 1359 (9th Cir.1991). In any case, this argument has been waived. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988) ("Issues raised in a brief which are not supported by argument are deemed abandoned."); *United States v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1020 (9th Cir. 1999) (finding arguments raised for first time in reply brief to be waived).