**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ernesto GARCIA–BARRAGAN,**
**Defendant–Appellant.**

No. 00–10548.
D.C. No. CR–00–00308–RGS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 19, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Ernesto Garcia–Barragan appeals his 48–month sentence imposed following a guilty plea to illegal reentry of a previously deported alien, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.[1]

Garcia–Barragan argues that the district court erred in counting a prior theft conviction as an aggravated felony when calculating his offense level, because he was not sentenced to a term of imprisonment until his subsequent probation revocation.[2] We review de novo the district court's interpretation of the Sentencing Guidelines, *United States v. Flores,* 93 F.3d 587, 591 (9th Cir.1996), and conclude that Garcia–Barragan's contention fails.

The district court properly regarded the sentence imposed upon revocation of probation as part of the original sentence. *See United States v. Patterson,* 230 F.3d 1168, 1171 (9th Cir.2000) (recognizing that, while different portions of criminal sentence have different objectives, entire sentence is based upon original conviction); *United States v. Brown,* 59 F.3d 102, 104–05 (9th Cir.1995) (per curiam) (considering revocation of probation as reinstatement of sentence for underlying crime, because

probation is part of original sentence). The use of the 1996 conviction to enhance Garcia–Barragan's offense level under U.S.S.G. § 2L1.2(b)(1)(A) was therefore appropriate.

We remand for the limited purpose of directing the district court to amend the judgment to exclude reference to 8 U.S.C. § 1326(b)(2). *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1061–62 (9th Cir.2000).

**AFFIRMED** in part and **REMANDED** in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The parties agree that the district court's oral advisement of Garcia–Barragan's right to appeal the aggravated felony determination superseded the appellate waiver in the plea

agreement. *See United States v. Buchanan,* 59 F.3d 914, 918 (9th Cir.1995).

2. The uncontested presentence report reflects a 1996 conviction for which Garcia–Barragan was originally sentenced to two concurrent terms of probation. Probation was later revoked, and concurrent sentences of imprisonment exceeding one year were imposed.