**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raymond BATES, Defendant–
Appellant.**

**No. 00–30122.**

**D.C. No. CR–99–00143–FVS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001.*

Decided Nov. 13, 2001.

Before KLEINFELD, McKEOWN and
FISHER, Circuit Judges.

MEMORANDUM**

Raymond Bates appeals his 78–month sentence imposed following his guilty plea conviction for robbery in Indian Country, in violation of 18 U.S.C. §§ 2111, 1153 and 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review de novo, *United States v. Lopez–Pastrana*, 244 F.3d 1025, 1027 (9th Cir. 2001), and we affirm.

Bates contends that the district court erred in computing his criminal history category. He argues that three of his six prior misdemeanor offenses should not have been used to calculate his criminal history category. Bates' contention is unavailing. Even if the district court did err, any error was harmless because Bates would have received the same sentence. *See United States v. Collins*, 109 F.3d 1413, 1422–23 (9th Cir.1997). We therefore decline to address the merits of Bates' contention.[1] *See id.* at 1423.

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. In his reply brief, Bates summarily asks us to "review many of the [other] misdemeanor convictions" used to calculate his criminal history category. He also argues that we should remand for resentencing because "the record is silent with regards to which specific misdemeanor convictions" were used to calculate his criminal history category. We decline to do either because arguments raised for the first time in the reply brief are waived. *See United States v. Patterson*, 230 F.3d 1168, 1172 n. 3 (9th Cir.2000).