**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Herrera TORRES, aka Jesus Herrera–Torres; aka Ramon Delapaz; aka Jesus Torres Herrera; aka Ramon de la Paz, Defendant–Appellant.**

No. 00–50429.
D.C. No. CR–99–00672–ABC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Dec. 27, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

Jesus Herrera Torres appeals his 57–month sentence, imposed following a guilty plea to being found in the United States after having been previously deported, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Torres' main contention is that the statute of limitations precludes prosecution for this offense because immigration authorities could have found him in 1989 after a diligent search. *See* 8 U.S.C. § 3282 (setting forth five-year limitation period for prosecution of non-capital offenses). We need not address this contention because the record establishes that Torres knowingly and voluntarily entered an unconditional guilty plea in which he admitted that he was "found in" the United States in 1999, within the limitations period. *See United States v. Patterson,* 230 F.3d 1168, 1171–72 (9th Cir.2000) (holding that guilty plea admits all elements of offense); *United States v. Cortez,* 973 F.2d 764, 766 (9th Cir.1992) (requiring strict adherence to Fed.R.Crim.P. 11(a)(2) requirements for conditional guilty plea); *United States v. Carrasco,* 786 F.2d 1452, 1454 (9th Cir. 1986) (explaining purpose of Rule 11(a)(2)); *cf. United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997) (permitting withdrawal of plea only where defendant reasonably could have believed plea was conditional or that he could have appealed from it).

Torres further contends the district court violated *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) by enhancing his sentence based on a prior felony conviction that was neither alleged in the indictment nor admitted at the plea hearing. This contention is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2000), (*cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001)).[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We decline to address Torres' ineffective assistance of counsel claim on direct appeal. *See United States v. Hanoum,* 33 F.3d 1128, 1131–32 (9th Cir.1994) (observing that ineffective assistance claim is more properly raised by collateral attack under 28 U.S.C. § 2255, because it cannot be advanced without development of facts outside record).

