**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey Brian HOEY, Defendant–Appellant.**

**No. 01–30029.**

**D.C. No. CR–99–00068–JKS.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002 *.

Decided Feb. 22, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1.  Hoey argued before the district court that because of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it should sentence him under § 841(b)(1)(D), but he now contends that it erred by doing so. Furthermore, Hoey agreed in the district court that § 841(b)(4) did not apply to his case, but he now argues that it does. Although not raised by the government, we recognize that Hoey is judicially estopped from

**MEMORANDUM ***

Jeffrey Brian Hoey appeals his 60–month sentence imposed following his jury trial conviction for conspiracy to manufacture marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Reviewing de novo, *United States v. Arellano–Rivera*, 244 F.3d 1119, 1127 (9th Cir.2001), we affirm.

■ Hoey contends that because the jury did not determine the issue of marijuana quantity, the district court erred by sentencing him under 21 U.S.C. § 841(b)(1)(D), instead of § 841(b)(4). Hoey's otherwise judicially estopped contention is without merit.[1]

■ The jury found Hoey guilty of conspiring to manufacture marijuana, therefore the penalty provision for distribution under § 841(b)(4) does not apply. Moreover, we have concluded that the five-year maximum under § 841(b)(1)(D) applies to § 841(a) convictions for an undetermined amount of marijuana. *See United States v. Nordby*, 225 F.3d 1053, 1059 (9th Cir. 2000),[2] *overruled in part by United States v. Buckland*, 277 F.3d 1173, 1181 (9th Cir. 2002) (en banc) (overruling *Nordby* 's conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence).

making this contention. *See United States v. Garcia*, 37 F.3d 1359, 1367–68 (9th Cir.1994) (stating that it is an abuse of the judicial process for a party to take inconsistent positions in the same litigation), *receded from on other grounds by United States v. Jackson*, 167 F.3d 1280 (9th Cir.1999).

2.  We decline Hoey's invitation to reconsider the rule announced in *Nordby*. Not only is Hoey's argument unsupported in law, a three-judge panel cannot overrule a prior decision of this court. *See Hart v. Massanari*, 266 F.3d 1155, 1171–72 (9th Cir.2001).

Hoey's second contention is that the district court misapplied the sentencing guidelines because it found him responsible for less than 50 marijuana plants, and thus his sentencing range should have been 10–16 months.[3] This is unsupported by the record. *See United States v. Fisher*, 137 F.3d 1158, 1165 (9th Cir.1998) (addressing defendant's claim only summarily because it was unsupported by the record); *United States v. Shetty*, 130 F.3d 1324, 1328 n. 1 (9th Cir.1997) (declining to address defendant's claim because it was unsupported by any authority). The district court expressly found Hoey responsible for at least 600 marijuana plants. *See Buckland*, at 1184 (stating that *Apprendi* does not alter the judge's authority to calculate drug quantity for purposes of the U.S.S.G., so long as the sentence actually imposed does not exceed the statutory maximum as determined by the jury's quantity finding). Accordingly, the district court did not err by sentencing Hoey to 60 months. *See Nordby*, 225 F.3d at 1059.

AFFIRMED.

---

**3.** In his reply brief, Hoey contends that the district court erred in its calculation of the guideline range because the record only supported a finding that he was responsible for 194 marijuana plants, resulting in a sentencing range of 33–41 months. We will not consider this otherwise unsupported, foreclosed and incorrect contention raised for the first time in the reply brief. *See United States v. Patterson*, 230 F.3d 1168, 1172 n. 3 (9th Cir.2000).

