[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16568
Non-Argument Calendar

_____

D. C. Docket No. 04-00075-CR-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ANGELO ZUCCO,
a.k.a. Rich Zucco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 28, 2005)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Richard Angelo Zucco appeals his twenty-four-month sentence for escaping from the federal prison camp to which he was assigned, in violation of 18 U.S.C. § 751(a). He first contends that the district court erred in denying him a seven-level reduction in his offense level pursuant to U.S.S.G. § 2P1.1(b)(2). We review the district court's factual findings for clear error and the application of those facts to the sentencing guidelines de novo. United States v. Bradford, 277 F.3d 1311, 1312 (11th Cir. 2002).

Section 2P1.1(b)(2) provides for a seven-level reduction in a defendant's offense level if a defendant who escapes from a federal facility voluntarily returns within ninety-six hours of the escape. We have recognized that this section "clearly assumes that the escapee has reconsidered his actions and intends to surrender." Id.

In this case, shortly after escaping Zucco was spotted by a prison official and, instead of surrendering, evaded that official in order to avoid being apprehended. Only after that incident did Zucco decide to return to the prison camp. He did not return because he reconsidered his actions and decided they were wrong, he returned because he was spotted on the outside and wanted to avoid being prosecuted for escaping by pretending that he never left. Based on these facts, the district court did not err in denying Zucco a reduction under

2

§ 2P1.1(b)(2).  See id.; see also United States v. Pynes, 5 F.3d 1139, 1140–41 (8th Cir. 1993) (holding that a § 2P1.1(b)(2) reduction is not warranted where the defendant returned to custody only after being spotted by law enforcement).

The rest of Zucco's contentions rely on the Supreme Court's decision United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005).  He first argues that the district court's denial of the § 2P1.1(b)(2) reduction was a violation of Booker.  A Booker error occurs in only two situations.  The first is if, under a mandatory guidelines regime, a defendant's sentence was increased based on facts that were neither proven to a jury nor admitted by him.  The second is if the defendant was sentenced under a mandatory guidelines regime.  See United States v. Shelton, 400 F.3d 1325 (11th Cir. 2005).  The denial of a reduction under § 2P1.1(b)(2) implicates neither of those situations.  As a result, Zucco's argument that the denial of a § 2P1.1(b)(2) reduction violates Booker is without merit.  See United States v. Bermudez, 407 F.3d 536, 545 (1st Cir. 2005) (holding that the denial of a sentencing reduction does not result in an error under Booker).

Zucco next contends that the district court committed a Booker constitutional error by increasing his sentence based on facts that were neither proven to a jury nor admitted by him.  He also argues that the district court committed a Booker statutory error by sentencing him under a mandatory

3

guidelines system. Zucco is correct that the district court committed both kinds of Booker error. The district court committed a Booker constitutional error by imposing, under a mandatory guidelines system, a two-level enhancement for obstruction of justice based on facts that were neither proven to a jury nor admitted by Zucco. Similarly, the district committed a Booker statutory error by sentencing him under a mandatory guidelines regime. Because he made a timely objection before the district court, we review the Booker errors to determine whether they were harmless. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005); United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005).

An error is harmless if it did not affect the substantial rights of the defendant. Paz, 405 F.3d at 948. "A constitutional error, such as a Booker error, must be disregarded as not affecting substantial rights, if the error is harmless beyond a reasonable doubt. This standard is only met where it is clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." Id. (quotations and marks omitted).

In sentencing Zucco, the district court judge stated that he had fully considered all the factors from 18 U.S.C. § 3553(a) and found that Zucco's 24-month sentence met the sentencing goals of punishment and specific and general deterrence. Furthermore, the judge also stated that he "would certainly have

4

sentenced Mr. Zucco to the sentence of 24 months if the guidelines were not otherwise controlling. In fact, it would have been a higher sentence than 24 months for Mr. Zucco." Given those statements, it is clear beyond a reasonable doubt that the Booker constitutional error did not contribute to the sentence Zucco received. See United States v. Robles, 408 F.3d 1324, 1327–28 (11th Cir. 2005) (holding that the Booker constitutional error in that case was harmless beyond a reasonable doubt where the district court stated that it would have given the same sentence even if the guidelines had been advisory).

Given that the Booker constitutional error is harmless beyond a reasonable doubt, the Booker statutory error, which is subject to a less onerous harmless error standard, is also harmless.[1] See Mathenia, 409 F.3d at 1292; Robles, 408 F.3d at 1327.

**AFFIRMED.**

---

[1] Zucco also asserts that Booker was violated when the district court imposed his sentence to run consecutively to the term he was already incarcerated for. The district court, however, was bound to do so by the guidelines. See U.S.S.G. § 5G1.3(a). As a result, Zucco's argument is subsumed by his larger argument that the district court committed a Booker statutory error by sentencing him under a mandatory guidelines regime.