**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50274 |
| Plaintiff - Appellee, | D.C. No. 3:06-cr-02371-BEN |
| v. | |
| CHRISTIAN WILLIAMS GARCIA-GARCIA, a.k.a. Sergio Christian Garcia-Garcia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Christian Williams Garcia-Garcia appeals from the district court's judgment

revoking his supervised release, and the resulting 18-month sentence.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Garcia contends that the revocation procedures set forth in 18 U.S.C. § 3583(e)(3) violate his rights under the Fifth and Sixth Amendments, because the sentence exceeds the statutory maximum the court can impose under the Guidelines, and because the allegation was not presented to either a grand or petit jury. This contention is foreclosed. *See United States v. Huerta-Pimental*, 445 F.3d 1220, 1224-1225 (9th Cir. 2006); *see also United States v. Patterson*, 230 F.3d 1168, 1170-71 (9th Cir. 2000) (the revocation of supervised release is a punishment imposed for the original offense).

Garcia also contends that the imposition of a term of imprisonment upon the revocation of supervised release violates both the double jeopardy clause of the Fifth Amendment, and the Separation of Powers doctrine. This contention is also foreclosed. *See United States v. Soto-Olivas*, 44 F.3d 788, 789-90 (9th Cir. 1995); *see also United States v. Mejia-Sanchez*, 172 F.3d 1172, 1175 (9th Cir. 1999).

Garcia next contends that the district court relied on impermissible factors when imposing the revocation sentence. The record reflects that the court did not rely on any factors specifically excluded by § 3583(e), but focused instead on Garcia's breach of the court's trust. *See United States v. Miqbel*, 444 F.3d 1173, 1181-83 (9th Cir. 2006). The record further reflects that the court considered the appropriate sentencing factors under § 3553(a), and provided an adequate

explanation for the sentence imposed. The district court did not procedurally err, and the sentence was substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Finally, Garcia contends that the district court should have recused itself based on comments made at the original sentencing hearing that revealed the court's bias against him. The district court did not abuse its discretion by declining to recuse itself. *See* 28 U.S.C. § 455(b)(1); *see also United States v. Monaco*, 852 F.2d 1143, 1147 (9th Cir. 1988).

**AFFIRMED.**