

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10409 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-01716-ROS-1 |
| v. | MEMORANDUM[*] |
| IAN JUAN CIPRIANO, | |
| Defendant-Appellant. | |

Appeal from United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Submitted August 10, 2012[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before:     CALLAHAN and WATFORD, Circuit Judges, and SINGLETON,[***] Senior District Judge

Ian Juan Cipriano ("Cipriano") appeals his sentence of fourteen months' imprisonment following his guilty plea to escape from custody in violation of 18 U.S.C. §§ 751(a) and 4082(a).[1] We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. *See also United States v. Sadler*, 480 F.3d 932, 941-42 (9th Cir. 2007) (holding that Federal Rule of Appellate Procedure 4(b)'s timeliness requirements are nonjurisdictional). None of Cipriano's arguments on appeal were raised before the district court. We therefore review his claims for plain error. *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008).

On appeal, Cipriano contends that his Sixth Amendment rights were violated when the district court sentenced him for escape from custody without submitting to a jury the question of whether the custody from which he escaped was "by virtue of" his original kidnapping conviction or "by virtue of" his supervised release violation. Specifically, Cipriano argues that the district court's determination that he was confined "by virtue of" his kidnapping conviction was a fact that increased the penalty for his escape conviction beyond the prescribed maximum. He

---

[***]     The Honorable James K. Singleton, Jr., Senior United States District Judge for the District of Alaska, sitting by designation.

[1]     The parties are familiar with the facts, and we repeat them here only as necessary to explain our decision.

therefore claims that this question had to be submitted to a jury and proved beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

Cipriano's argument is foreclosed by our decision in *United States v. Patterson*, 230 F.3d 1168 (9th Cir. 2000). In *Patterson,* we considered the Sentencing Guidelines' provision that corresponds to 18 U.S.C. § 751(a) and held that "when supervised release is imposed as part of a sentence and then revoked in subsequent proceedings, the resulting confinement is 'by virtue of' the original conviction." *Patterson*, 230 F.3d at 1169. In light of this closely analogous precedent, the district court did not plainly err in sentencing Cipriano.

Cipriano also argues that his current escape conviction should be reversed because the custody from which he escaped exceeded the limits established by federal law and by the plea agreement in his kidnapping case. First, he argues that the plea agreement gave him an absolute "right to release" on April 10, 2010, notwithstanding any violation of the conditions of his supervised release. The plea agreement is to the contrary. By signing it, Cipriano agreed that, "if I violate any of the conditions of my probation/supervised release, my probabtion/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may be otherwise altered."

3

Second, Cipriano argues that, when the district court revoked his supervised release and imposed an additional term of supervision, federal law entitled him to credit for time already served on supervised release. This is not the law. "[I]f a defendant repeatedly violates the conditions of supervised release, the court may repeatedly impose new terms of supervised release without credit for time served on supervised release." *United States v. Cade*, 236 F.3d 463, 467 (9th Cir. 2000) (citing 18 U.S.C. § 3583(e)(3), (h)). Accordingly, there was no plain error.

**AFFIRMED.**