**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10434 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 5:15-cr-00458-RMW-1 |
| BOBBY WADE, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10436 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 5:06-cr-00287-RMW-1 |
| BOBBY WADE, Jr., AKA Dwight Minnieweather, AKA Jason Patrick Spears, AKA Sammy Spears, AKA Terrence Spears, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted October 19, 2017**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and GWIN,[***] District Judge.

Bobby Wade was convicted of being a felon in possession of a firearm and sentenced to 96 months in prison. The district court also sentenced Wade to 24 months in prison for violating the terms of his supervised release, to be served concurrently with the sentence on the firearm charge.

On appeal, Wade contends: (1) that the district court erred by denying his motion to suppress evidence collected from his cell phone; (2) that the district court plainly erred when it determined his base offense level; and (3) that the sentence for the supervised release violation should be vacated if the sentence on the firearms conviction is vacated, because it was part of a "sentencing package."

1. The search warrant for Wade's cell phone gave officers authority to search nearly every type of data for evidence of firearm ownership. Even assuming that the affidavit submitted in support of the warrant application did not provide a substantial basis for finding probable cause to search everything on Wade's phone, there was a substantial basis for finding probable cause to search text messages, photographs, account information, and contacts. *See United States v. Terry*, 911 F.2d 272, 275–

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

76 (9th Cir. 1990). Because only evidence from these sources was introduced at trial, any arguable warrant overbreadth did not prejudice Wade. *United States v. Gomez-Soto*, 723 F.2d 649, 654 (9th Cir. 1984).

Moreover, even if probable cause were lacking, the affidavit made a "colorable argument" for probable cause. *United States v. Crews*, 502 F.3d 1130, 1136 (9th Cir. 2007). As a result, "reliance on the search warrant" based on that affidavit "was objectively reasonable" and the good faith exception to the exclusionary rule applies. *Id.*

Finally, any possible error in refusing to suppress Wade's phone data was harmless beyond any reasonable doubt. *Chapman v. California*, 386 U.S. 18, 23–24 (1967). There was overwhelming evidence that Wade possessed the firearm in this case, including his own jail calls and DNA evidence found on the gun.

2. The district court plainly erred by finding that Wade's earlier convictions qualified as controlled substance offenses based solely on factual descriptions of his conduct. *United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003). But, the government has asked that we take judicial notice of records establishing that Wade was previously convicted of violating § 475.999 of the Oregon Revised Statutes (renumbered as § 475.904 in 2005) and § 11352(a) of the California Health & Safety Code. Wade does not dispute that the Oregon conviction was for a controlled substance offense.

3

While § 11352(a) is not categorically a controlled substance offense, the statute is divisible. *United States v. Martinez-Lopez*, 864 F.3d 1034-1038–43 (9th Cir. 2017) (en banc). The government submits charging documents and a minute order that establish that Wade was convicted of selling and offering to sell cocaine base. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1167–69 (9th Cir. 2014); *Cabantac v. Holder*, 693 F.3d 825, 827–28 (9th Cir. 2012), *amended on denial of reh'g*, 736 F.3d 787 (9th Cir. 2013). Both of those offenses are controlled substance offenses. *United States v. Lee*, 704 F.3d 785, 789–92 (9th Cir. 2012). As a result, we grant the government's motions (Dkt. 25 in 16-10434, Dkt. 24 in 16-10436), take judicial notice of the documents describing Wade's prior convictions, and affirm the sentences, because vacating the sentence and remanding for resentencing "would merely be delaying the inevitable." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

3. Wade waived any arguments regarding his supervised release violation sentence by failing to distinctly raise them in his opening brief. *United States v. Patterson*, 230 F.3d 1168, 1172 n.3 (9th Cir. 2000). In any event, because we affirm Wade's conviction on the felon in possession charge, his supervised release sentence arguments necessarily fail.

**AFFIRMED**.