**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Douglas Keith CADE, Defendant–Appellant.**

**No. 00–30026.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2000

Filed Dec. 20, 2000

Shaun S. McCrea, McCrea, P.C., Eugene, Oregon, for the defendant-appellant.

Kirk A. Engdall, Assistant United States Attorney, Eugene, Oregon, for the plaintiff-appellee.

Before: BEEZER, RYMER, and GRABER, Circuit Judges.

GRABER, Circuit Judge:

Defendant Douglas Keith Cade challenges the length of the supervised release component of his sentence. We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant pleaded guilty to a charge of bank embezzlement, in violation of 18 U.S.C. § 656, a Class B felony. On September 19, 1996, the district court sentenced him to a split sentence of four months' incarceration and four months in a community confinement center, plus 60 months' supervised release. Defendant served the incarceration portion of the sentence and began supervised release on or about May 5, 1997.

On April 7, 1999, the district court issued an order compelling Defendant to show cause why his term of supervised release should not be revoked. On May 5, 1999, Defendant admitted to having violated the conditions of his supervised release. The court revoked his term of supervised release and sentenced him to three months' incarceration plus 36 months' supervised release.

Defendant served this additional incarceration time and began supervised release again. Again, he did not succeed. On August 27, 1999, the district court ordered Defendant to show cause why his supervised release should not be revoked. On October 5, 1999, Defendant admitted that he had violated one of the conditions of supervised release. The court revoked Defendant's second term of supervised release and sentenced him to nine months' incarceration and 51 months' supervised release.

Defendant's lawyer objected to the 51–month term of supervised release. The court invited a motion for reconsideration and held a hearing on the motion on January 4, 2000. On January 6, 2000, the court entered an amended judgment reducing the term of supervised release to 48 months. As amended, Defendant's sentence included a nine-month term of incarceration and a 48–month term of supervised release. Defendant appeals that sentence, arguing that the trial court erred by not crediting against his latest term of supervised release (1) time served in incarceration on his first sentence and (2) time served successfully on supervised release.

## STANDARD OF REVIEW

We review de novo the legality of a sentence. *United States v. Jackson,* 176 F.3d 1175, 1176 (9th Cir.1999) (per curiam). Our review of the district court's application of the supervised release statute is also de novo. *United States v. Lomayaoma,* 86 F.3d 142, 146 (9th Cir. 1996).

## DISCUSSION

### A. *Relevant Statutes*

Three statutes provide the basis for Defendant's initial sentence. First, 18 U.S.C. § 656 defines the elements of embezzlement and authorizes a court to impose a prison sentence of up to 30 years. Second, 18 U.S.C. § 3559(a)(2) classifies a violation of 18 U.S.C. § 656 as a Class B felony, because § 656 permits a prison sentence that exceeds 25 years. Third, 18 U.S.C. § 3583(a) authorizes a court to impose a term of supervised release in addition to a term of incarceration. Title 18 U.S.C. 3583(b)(1) establishes that five years is the maximum *initial* term of supervised release that may be imposed for a Class B felony.

Title 18 U.S.C. § 3583(e)(3) and (h) govern the sentencing process upon revocation of supervised release. Subsection (e)(3) provides that, upon revocation, a court may

require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the court ... finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve ... more than 3 years in prison if such offense is a class B felony ... [.]

Subsection (h) permits a court to include an additional term of supervised release as part of a sentence imposed upon revocation and establishes the maximum length of such term:

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a require-

ment that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

■ In sum, if a defendant convicted of a Class B felony violates a condition of supervised release, the relevant statutes permit the district court to revoke the defendant's supervised release and require the defendant to serve up to three years in prison. If the court imposes a term of imprisonment that is less than three years, however, it also may require the defendant to serve an additional term of supervised release that cannot exceed five years (the maximum term authorized by 3583(b)(1) for Class B felonies) minus the length of any term of imprisonment imposed upon revocation of supervised release. As provided by § 3583(e)(3), a defendant is not entitled to credit against the revocation sentence for time served on supervised release before revocation. Thus, although the statute imposes a five-year maximum on the length of any discrete term of supervised release that might be imposed on a defendant who was convicted of a Class B felony, it neither limits the *number of terms* of supervised release that a defendant can be ordered to serve as a result of violating conditions of release, nor places a cap on the *aggregate amount of time* on supervised release that a defendant might serve because of repeated violations of conditions of release.

The lack of a cap on the total amount of time that a defendant may spend on supervised release as a result of violations of the conditions of release is consistent with the congressional policy underlying the supervised release statute. As the Supreme Court recently observed:

> The congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from the prison to liberty. The Senate Report was quite explicit about this, stating that the goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." S.Rep. No. 98–225. p. 124 (1983).

> Prisoners may, of course, vary in the degree of help needed for successful reintegration. Supervised release departed from the parole system it replaced by giving district courts the freedom to provide post-release supervision for those, and only those, who needed it. Congress aimed, then, to use the district courts' discretionary judgment to allocate supervision to those releasees who needed it most.... A violation of the terms of supervised release tends to confirm the judgment that help was necessary, and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed.

*Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 1805, 146 L.Ed.2d 727 (2000) (citations omitted). By authorizing district courts to impose an additional term of supervised release as part of a revocation sentence, without crediting defendants for time served on the revoked release sentence, Congress ensured that those defendants most in need of help in making the transition to freedom will receive sufficient assistance.

B. *Application of the Statutes to Defendant*

In this case, the court sentenced Defendant to nine months' imprisonment upon revocation of supervised release. Because that period was less than the maximum term of imprisonment (three years), § 3583(h) permitted the court to sentence Defendant to an additional term of super-

vised release. The court concluded that the maximum length of that term was 60 months (five years) less nine months (the incarceration sentence imposed upon the second revocation of release) and less three months (the incarceration sentence imposed upon the first revocation of release),[1] or 48 months.

## C. Defendant's Challenges

Defendant argues that the district court was required to credit against his latest term of supervised release (1) the eight months' incarceration that he served on his original sentence and (2) the 24 months served on supervised release, thus reducing his latest term of supervised release by 32 months to 16 months. Because the supervised release statute does not authorize those credits, the trial court did not err.

### 1. Credit for Incarceration Time Served on Original Sentence

 Defendant argues that, in setting the length of supervised release, the district court was required to credit him with time served in incarceration for the underlying offense. Title 18 U.S.C. § 3583(h) provides for a maximum term that is calculated by subtracting only "any term of imprisonment that was imposed upon *revocation* of supervised release." (Emphasis added.) Defendant acknowledges that his position is "contrary to 18 U.S.C. 3583(h)," but contends that that statutory section as applied to him violates various constitutional guarantees. Defendant did not raise those constitutional challenges in the district court, so we decline to consider any of them here. *See Brady v. United States*, 211 F.3d 499, 504 (9th Cir.2000) (holding that this court need not consider claims raised for the first time on appeal).

### 2. Credit for Time on Supervised Release

 Defendant next argues that the court had to reduce his latest term of supervised release by 24 months to credit him for the time that he already had spent on supervised release. Otherwise, he contends, his due process rights are violated because the "statutory maximum" for supervised release is five years and, without the requested credit, he will serve more than five years on supervised release.

Assuming without deciding that a sentence of supervised release exceeding the statutory maximum would violate Defendant's due process rights, the argument fails for the simple reason that 18 U.S.C. § 3583 imposes no "statutory maximum" on the aggregate amount of time that a defendant may spend on supervised release as a result of violations of the conditions of release. To the contrary, if a defendant repeatedly violates the conditions of supervised release, the court may repeatedly impose new terms of supervised release without credit for time served on supervised release. 18 U.S.C. § 3583(e)(3) and (h). In other words, the predicate for Defendant's constitutional claim (exceeding the statutory maximum) is absent.

### 3. Law of the Case

 Finally, Defendant asserts that the doctrine of "law of the case" suggests that his term of supervised release upon the second revocation may not exceed the 36 months imposed upon the first revocation. That doctrine requires courts to follow a decision of an appellate court on a legal issue in all later proceedings in the same case. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 231 F.3d 546, 554

---

**1.** Whether 18 U.S.C. § 3583(h) requires the court to credit a defendant with *all* incarceration time served because of prior revocations, or just the incarceration time imposed by the *immediate* revocation sentence, is an open question in this circuit. The Eighth Circuit recently held that the statute requires a court to credit a defendant with all incarceration time served as a consequence of revocations

of supervised release. *United States v. Brings Plenty*, 188 F.3d 1051 (8th Cir.1999). Because the government does not challenge Defendant's receipt of credit for the incarceration time served after the first revocation of his supervised release, as well as the second, we need not and do not answer that question here.

(9th Cir.2000). It does not apply when the court is considering the new factual and legal issues that arise when a criminal defendant violates the terms of supervised release for a second time.

## CONCLUSION

The district court correctly applied 18 U.S.C. § 3583 when it declined to credit Defendant for time served in prison on his original sentence and for time served on earlier terms of supervised release. Furthermore, because 18 U.S.C. § 3583 does not set a five-year maximum on the total amount of time that a defendant can be required to serve on supervised release, the court did not violate Defendant's due process rights by imposing a term of supervised release that results in his serving, cumulatively, more than five years on supervised release. Finally, the district court did not run afoul of "the law of the case."

AFFIRMED.