**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jason Michael STONE, Defendant–Appellant.**

**No. 00–10072.**
**D.C. No. CR–98–00216–JBR.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.[*]

Decided May 30, 2001.

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**780**

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

Jason Michael Stone appeals the 262–month sentence and ten-year term of supervised release imposed by the district court following his guilty-plea conviction for distributing four ounces of cocaine base, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

Stone contends the district court erred by classifying cocaine base as crack for purposes of sentencing and by denying his motion for a downward departure under U.S.S.G. § 5K2.13 (1998) based on diminished capacity. The government contends that because Stone knowingly and voluntarily entered into a plea agreement, he waived his right to appeal any sentence not exceeding the applicable sentencing guideline range. Stone replies that he was confused and did not knowingly enter into the plea agreement containing the waiver provision.

** This disposition is not appropriate for publication and may not be cited to or by the

This court reviews *de novo* whether a waiver of the right to appeal is valid and enforceable. *See United States v. Portillo–Cano,* 192 F.3d 1246, 1249–50 (9th Cir.1999). The record demonstrates that the district court accepted Stone's plea only after finding it knowing and voluntary. Consequently, the waiver of the right to appeal provision is valid and this court lacks jurisdiction to review classification of the cocaine base or the denial of the motion for downward departure. *See id.,* 192 F.3d at 1250 (stating that where plea agreement is voluntary and taken in compliance with Rule 11, then waiver of appeal is valid).

Stone also contends the district court erred by imposing a ten-year term of supervised release. The government concedes error because the supervised release term exceeds the statutory maximum under 18 U.S.C. § 3583(b)(1). We agree the district court erred, and vacate that portion of the sentence and remand for the limited purpose of setting a term of supervised release not to exceed five years. *See* 18 U.S.C. § 3583(b)(1); *United States v. Guzman–Bruno,* 27 F.3d 420, 423 (9th Cir. 1994).

DISMISSED in part, VACATED and REMANDED in part.