**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jason Michael STONE, Defendant—**
**Appellant.**

**No. 01–10640.**
**D.C. No. CR–98–00216–KJD.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Jason Michael Stone appeals the sentence imposed following our limited re-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

mand. We have jurisdiction under 18 U.S.C. § 3742. We review the legality of a sentence de novo, *United States v. Mullins*, 992 F.2d 1472, 1478, 1479 (9th Cir. 1993), and we affirm.

Stone contends that the district court erred by considering only the term of his supervised release. Because we remanded "for the limited purpose of setting a term of supervised release not to exceed five years," this contention is unavailing. *See United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir.1994) (per curiam) (stating that a sentencing court is without authority to go beyond the scope of an expressly limited remand). *See also United States v. Petty*, 80 F.3d 1384, 1388 (9th Cir.1996).

Stone additionally contends that he received a sentence above the sentencing guideline range as well as above the statutory maximum for his conduct of offense. Because we have previously found that Stone knowingly and voluntarily waived his right to appeal, *see United States v. Stone*, 2001 WL 584155, 9 Fed.Appx. 779 (9th Cir.2001), we decline to review this contention under the law of the case doctrine. *See United States v. Cade*, 236 F.3d 463 (9th Cir.2000).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.