**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Luis ROBERTO Desiderio–Anchundia, Defendant—Appellant.**

**No. 02–50164.**

**D.C. No. CR–98–01823–JM.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Jan. 14, 2003.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

**MEMORANDUM **

18 U.S.C. § 3583 imposes "no 'statutory maximum' on the aggregate amount of time that a defendant may spend on supervised release as a result of violations of the conditions of release," *United States v. Cade*, 236 F.3d 463, 467 (9th Cir.2000), *cert. denied*, 533 U.S. 937, 121 S.Ct. 2568, 150 L.Ed.2d 732 (2001); nor does it limit "the number of terms of supervised release that a defendant can be ordered to serve," *id.* at 466 (emphasis omitted). Without a statutory maximum (in time or terms), the predicate for an *Apprendi*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

claim–exceeding the statutory maximum–does not exist. *See United States v. Sua*, 307 F.3d 1150, 1154 (9th Cir.2002).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.