UNITED STATES of America, Plaintiff–Appellee,

v.

Douglas P. BLANKENSHIP, Defendant–Appellant.

No. 01–50586.

D.C. No. CR–00–01066–CBM–01.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.[*]

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM[**]

Douglas P. Blankenship appeals the sentence imposed pursuant to 18 U.S.C. § 3583, upon revocation of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the legality of a sentence, and the district court's application of the supervised release statute, *United States v. Cade*, 236 F.3d 463, 465 (9th Cir.2000), and we affirm.

Blankenship contends the district court erred in imposing an additional two year term of supervised release, after revoking his initial term of supervised release and ordering him reincarcerated. Blankenship's resentencing was proper and did not

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

violate the ex post facto clause. *See Johnson v. United States,* 529 U.S. 694, 704–10, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000); 18 U.S.C. § 3583(e)(3). Nor is Blankenship entitled to credit for time served on his initial term of supervised release. *See Cade,* 236 F.3d at 467.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.