**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jason WILKINSON, Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Susan Sanchez, Defendant–Appellant.

United States of America,
Plaintiff–Appellee,

v.

Robert G. Longee, Defendant–
Appellant.

Nos. 02–30365, 03–30000, 03–30024.
D.C. No. CR–99–00013–GF/CCL–
4, CR–95–00011–2–CCL,
CR–99–00073–CCL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2003.

Decided Sept. 29, 2003.

Bernard F. Hubley, Esq., Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Michael Donahoe, Esq., Federal Defenders of Montana, Helena, MT, for Defendant–Appellant.

Before HAWKINS, McKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM *

Jason Wilkinson, Robert G. Longee, and Susan Sanchez appeal the sentences imposed upon them by the district court after that court revoked appellants' supervised release. Because the parties are familiar with the facts, we do not repeat them here.

All appellants challenge their postrevocation sentences on the grounds that the district court erred in interpreting the Sentencing Guidelines and relevant sections of the Sentencing Reform Act of 1984 ("the Act"). Only Sanchez objected to her postrevocation sentence in the district court. This court therefore reviews Sanchez's sentence *de novo, United States v. Kohli,* 110 F.3d 1475, 1477 (9th Cir.1997), but reviews the sentences of Longee and Wilkinson for "plain error." *United States*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Sayetsitty,* 107 F.3d 1405, 1411 (9th Cir.1997).

After considering the policy statements of Chapter 7 of the Sentencing Guidelines, *U.S. Sentencing Guidelines Manual* ch. 7 (2002), the district court was free to sentence appellants to any period of incarceration at or below the statutory maximum of 24 months. *United States v. George,* 184 F.3d 1119, 1122 (9th Cir.1999); 18 U.S.C. § 3583(e)(3). No downward departure analysis was warranted or necessary in order to sentence appellants to 23 months in prison. *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir.2003).

To the degree the district court suggested otherwise, the error "did not affect the district court's choice of the sentence imposed." *United States v. Rodriguez–Razo,* 962 F.2d 1418, 1420 (9th Cir.1992). At the sentencing hearings of both Longee and Sanchez, the district court explicitly selected a term of 23 months so that the court could also impose a subsequent term of supervised release, and in sentencing Wilkinson, the district court chose 23 months after taking into consideration Wilkinson's recent incarceration and his cooperative attitude. Whether the district court actually harbored a misconception regarding the need to depart downward or simply misspoke, the error was harmless. *See id.*

■ The district court did not err when it considered the availability of supervised release as one factor in determining the appropriate postrevocation sentences. While the Act does not *require* a district court to consider "the kinds of sentences available" when revoking supervised release, 18 U.S.C. § 3583(e)(3) (listing those factors set forth in section 3553 of the Act that must be considered in revoking supervised release, and excluding from this list "the kinds of sentences available"), the Act also does not *prohibit* this consideration. Additionally, one of the factors the court is required to consider when modifying or revoking a defendant's supervised release is "the kinds of sentence" established by the Sentencing Guidelines or policy statements. 18 U.S.C. § 3553(a)(4). The policy statements of Chapter 7 do provide for the imposition of both supervised release and imprisonment upon revocation of supervised release. *See* U.S. Sentencing Guidelines Manual § 7B1.3. Therefore, the district judge did not err in considering the availability of supervised release when determining the appellants' postrevocation sentences.

The district court correctly calculated the available term of supervised release under 18 U.S.C. § 3583(h). The version of that section applicable at the time the district court revoked appellants' supervised release and sentenced each to a postrevocation term of imprisonment stated:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (2000). The district court subtracted the postrevocation term of imprisonment (23 months) from the term of supervised release authorized for Sanchez's original offense (five years, or 60 months). According to this arithmetic, the district court could have sentenced her to 37 months additional supervised release. The actual sentence to 24 months of super-

vised release was therefore well within the statutory limits.

■ Sanchez nonetheless argues that her sentence of 24 months additional supervised release, when taken together with the term of supervised release she already served, exceeded the statutory maximum term of supervised release for her offense, five years. 18 U.S.C. § 3583(e)(3). We have already held, however, that under § 3583(e)(3) "a defendant is not entitled to credit against the revocation sentence for time served on supervised release before revocation." *United States v. Cade*, 236 F.3d 463, 466 (9th Cir.2000). In other words,

> although the statute imposes a five-year maximum on the length of any discrete term of supervised release that might be imposed on a defendant who was convicted of a Class [A or] B felony, it neither limits the *number of terms* of supervised release that a defendant can be ordered to serve as a result of violating conditions of release, nor places a cap on the *aggregate amount of time* on supervised release that a defendant might serve because of repeated violations of conditions of release.

*Id.* Therefore, the district court did not err in failing to credit Sanchez for the four-plus years she had completed of her initial term of supervised release.

Appellants assert, in passing, that their exposure to an indefinite amount of supervised release violates their due process rights. Because this assertion is not supported either by argument or citation to authorities, we do not address it. Fed. R.App. P. 28 (requiring appellant's brief to contain argument and citation to authorities in support thereof); *see also Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir.1988) ("If a brief fails to contain the contentions of the appellant with respect to the views presented, and fails to contain citations to authorities, statutes and the record, the issue is waived.").

AFFIRMED.