**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**T.M., Defendant—Appellant.**

No. 04–10323.
D.C. No. CR–95–00517–JMR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2004.

Decided Dec. 21, 2004.

Brian I. Rademacher, Esq., Heather E. Williams, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before CANBY, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

In *United States v. T.M.*, 330 F.3d 1235 (9th Cir.2003), we held that certain sex offender conditions of supervised release placed on T.M. were not reasonably related to goals of deterrence, public protection, or rehabilitation. We vacated the sentence and remanded for resentencing. T.M. appeals the district court's subsequent reimposition of these conditions, as well as a new condition that restricts his driving privileges. T.M. also appeals the district court's denial of supervised release credit for time served under supervision following his release from prison. Finally, T.M. asks us to direct that the case be assigned to a different district judge on remand.

We reverse and remand for resentencing without the sex offender conditions and with instructions that T.M. receive credit for time served under supervised release. We decline to exercise our discretion to remand the case to a different district judge. Because the facts in this case are familiar to the parties, we need not recite them here.

## I

■ We reverse the district court's reimposition of sex offender conditions of

Sandra Marie Hansen, Nathan D. Leonardo, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

supervised release.[1] The language in our previous opinion was clear: "[W]e vacate T.M.'s sentence and remand for resentencing, the new sentence not to include the present conditions 4 and 6–13." *T.M.*, 330 F.3d at 1241. Nonetheless, the district court reimposed several of the vacated sex offender conditions and imposed a new condition restricting T.M.'s driving privileges:

> 4. participate in sex offender treatment as directed by the probation officer and submit to risk assessment including physiological testing which may include, but is not limited to, polygraph, plethysmograph, and/or ABEL Assessment. Contribute to the cost of treatment in an amount to be determined by the probation officer.
>
> . . .
>
> 6. not have contact with female children under the age of 18 without prior written permission of the probation officer, and shall report any unauthorized contact immediately to the probation officer.
>
> 7. not possess any form of pornography, sexually stimulating, or sexually oriented material as deemed inappropriate by the probation officer and/or treatment staff. You shall not enter any location where pornography or erotica can be accessed, obtained, or viewed.
>
> 8. maintain an appropriate appearance at all times which includes the wearing of undergarments, and appropriate outer clothing in the home or places where others might view you, or be present.
>
> 9. not possess any type of camera or video recording device without first obtaining prior approval of the probation officer.
>
> 10. not operate a motor vehicle without the prior written permission of the probation officer, except for work purposes at the presently held employment and for that employment only.[2]

The district court's decision to reimpose sex offender conditions is in violation of our mandate. *See Firth v. United States*, 554 F.2d 990, 993–94 (9th Cir.1977) ("[A] mandate is controlling as to all matters within its compass, while leaving any issue not expressly or impliedly disposed of on appeal available for consideration by the trial court on remand.").

The district court did not impose renewed sex offender conditions because of any new sexual transgressions committed after the imposition of the sentence that was the subject of the prior appeal. *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1404 (9th Cir.1993) ("The law of the case controls unless evidence on remand is substantially different from that presented in previous proceedings."). Instead, the court revisited and elaborated on the justifications for the conditions that we declared invalid in our prior opinion. This course of action was not open to the district court under our mandate. Accordingly, we reverse and remand for resentencing, with instructions that the new sentence not include the conditions 4 and 6–10 or any substitute sex offender conditions.[3]

---

1. We review de novo a district court's compliance with a mandate. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir.2000).

2. The district court imposed the restriction on operation of a motor vehicle because T.M. employed a motor vehicle during the sex offense of which he was convicted in 1981. We therefore treat this restriction as a sex offender condition.

3. Our command against substitute restrictions is not addressed, of course, to any proceedings that might be precipitated if T.M. were to commit a new sexual offense.

## II

██ We further hold that T.M. is entitled to supervised release credit beginning on the day of his release from prison—August 21, 2003.[4] *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment. . . ."); *United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (holding that supervised-release term begins upon release but denying credit for excess time served in prison); *United States v. Barresi*, 361 F.3d 666, 675–76 (2d Cir.2004) (finding that Congress "inten[ded] that there be no hiatus between the term of imprisonment and the term of supervised release," and holding that supervised-release term commences upon release from prison even when the defendant does not submit himself to supervision, but declining to express a view "as to the appropriate consequences if there was any lack of compliance with [18 U.S.C. § 3624(e) ]").

Because there has been no showing that T.M. violated the conditions of his supervised release, we hold that T.M.'s term of supervision commenced on August 21, 2003 and that he is entitled to credit from that day forward. *Cf. United States v. Cade*, 236 F.3d 463, 467 (9th Cir.2000) (holding that a defendant loses the right to invoke the statutory maximum period under 18 U.S.C. § 3583(b) when he fails to comply with the terms of the supervised release).

The district court denied credit for the period between T.M.'s release from prison and his subsequent resentencing because that supervised release did not include the reimposed sex offender conditions. Because we rule that these restrictions were improperly imposed, the reason for denying the credit no longer exists. Accordingly, we reverse.

## III

We deny the request to remand this matter to a different district judge.[5] We have no doubt that the district judge will adhere to the mandate now that our intentions are abundantly clear. *See United States v. Working*, 287 F.3d 801, 809 (9th Cir.2002) (stating the factors to consider when deciding whether remand to a different judge is justified).

## IV

The judgment of the district court imposing sentence is reversed and the matter is remanded for resentencing with instructions that the new sentence not include present conditions 4 and 6–10 or any substitute sex offender conditions and that T.M.'s supervised-release term be deemed to have commenced on August 21, 2003.

REVERSED AND REMANDED with instructions.

---

4. We review de novo the district court's application of the supervised release statute. *United States v. Lomayaoma*, 86 F.3d 142, 146 (9th Cir.1996).

5. See 28 U.S.C. § 2106 ("[An appellate court] may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.").