### UNITED STATES of America, Plaintiff–Appellee,

v.

### Juan BAUTISTA–CONCEPCIÓN, Defendant–Appellant.

### No. 06–50057.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2006 *.

Filed Nov. 21, 2006.

Becky S. Walker, Esq., Susan Dewitt, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILVERMAN, BYBEE, Circuit Judges, and DUFFY,** District Judge.

### MEMORANDUM ***

Defendant–Appellant Juan Bautista–Concepción appeals his thirty-six month sentence following a guilty plea in the dis-trict court to a one count indictment charging him with being a previously deported alien found in the United States without permission in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Defendant–Appellant argues that 8 U.S.C. § 1326(b)(2) is unconstitutional because it allows a judge to determine, by a preponderance of the evidence, if a defendant was previously convicted, rather than requiring a jury's determination of the conviction beyond a reasonable doubt. As Defendant–Appellant acknowledges, his argument is foreclosed by directly controlling Supreme Court precedent. *See Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Therefore, we deny this claim.

Next, Defendant–Appellant argues that the district court erred by issuing a written Judgment and Commitment Order containing standard conditions of supervised release that differed from those orally imposed at the sentencing hearing.[1] We review this claim de novo. *See United States v. Cade*, 236 F.3d 463, 465 (9th Cir.2000).

"In cases where there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgement and commitment ... the oral pronouncement, as correctly reported, must control." *United States v. Munoz–Dela Rosa*, 495 F.2d 253, 256 (9th Cir.1974). Here, however, there is no conflict. The written provisions of the judgement and commitment merely provide additional de-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Kevin Thomas Duffy, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. As the parties are familiar with both the written and oral provisions in question we will not recited them again here.

tails of the oral pronouncements imposed at the sentencing hearing.

Defendant–Appellant also argues that one standard condition, which requires an offender residing outside of the United States to report to U.S. Probation within seventy-two hours of re-entry into this country during the term of his supervised release, violates his Fifth Amendment right against self-incrimination because any re-entry would be illegal. Among the reasons that this argument is without merit is the fact that circumstances exist under which a released offender could return to the country legally. *See, e.g.,* 8 U.S.C. § 1182(d)(5)(A) (stating the that Attorney General may grant permission to enter so that the offender can testify in court). This provision has recently been upheld in *United States v. Rodriguez–Rodriguez,* 441 F.3d 767 (9th Cir.2006).

The judgment of the district court is AFFIRMED.