**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10166 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-01002-SRB-1 |
| v. | |
| DAVID CASIMIRO BRAVO-CUEVAS, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10167 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00501-SRB-1 |
| v. | |
| DAVID CASIMIRO BRAVO-CUEVAS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted June 12, 2012
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: D.W. NELSON, RAWLINSON, and IKUTA, Circuit Judges.

Appellant David Bravo-Cuevas appeals the district court's revocation of his supervised release and the sentences the district court imposed for violation of his supervised release conditions, and following his conviction for illegal reentry.

Contrary to Bravo-Cuevas' argument,[1] the twenty-seven month term of supervised release he received in 2009 was validly imposed. *See United States v. Cade*, 236 F.3d 463, 466 (9th Cir. 2000) ("As provided by [18 U.S.C.] § 3583(e)(3), a defendant is not entitled to credit against the revocation sentence for time served on supervised release before revocation . . . .").

The district court did not violate the Double Jeopardy Clause by imposing a 77-month sentence for Bravo-Cuevas' new violation of 8 U.S.C. § 1326 as well as a consecutive 6-month sentence for violation of his supervised release conditions, despite the fact that both violations resulted from the same conduct. *See United States v. Soto-Olivas*, 44 F.3d 788, 790-91 (9th Cir. 1995). The transcript of the

---

[1] The government argues that Bravo-Cuevas waived this argument by failing to raise it in his prior appeal. We need not resolve this issue because Bravo-Cuevas' claim fails on the merits.

sentencing hearing indicates that the district court appropriately imposed the 6-month sentence as a sanction for Bravo-Cuevas' breach of trust, and not "*solely*, or even primarily based on the severity of the new criminal offense underlying the revocation . . ." *United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007) (citation omitted) (emphasis added); *see also United States v. Hammons*, 558 F.3d 1100, 1104 (9th Cir. 2009).

**AFFIRMED.**